ECONOMY FORMS CORPORATION, Appellant,

v.

Walter POTTS, Chairman, Polk County Tax Assessment Board of Review, Appellee.

No. 58942.

Supreme Court of Iowa.

Nov. 23, 1977.

John A. Templar, Jr., of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

J. R. McManus, Des Moines, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Plaintiff Economy Forms Corporation sought to appeal to district court an assessment decision of the Polk County board of review. Notice of appeal was not served on defendant Walter Potts, chairman of the board of review, within 20 days of the board's adjournment. Defendant appeared specially, alleging the appeal was untimely under § 441.38, The Code, and the trial court sustained the special appearance. Plaintiff appeals, and we affirm.

■ The district court does not have original jurisdiction of assessment cases. Its jurisdiction of appeals from the board of review is wholly statutory and depends for its existence upon substantial compliance by the appealing party with statutory prerequisites. *Resthaven Cemetery Association v. Board of Review of Polk County*, 249 N.W.2d 618 (Iowa 1977); *Stampfer Building Company v. Board of Review of Dubuque*, 195 N.W.2d 390, 393 (Iowa 1972).

The statutory prerequisites are set forth in § 441.38, The Code, as follows:

Appeals may be taken from the action of the board of review with reference to protests of assessment, to the district court of the county in which such board holds its sessions within twenty days after its adjournment. * * * Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice.

The question here is whether the district court acquires jurisdiction of an appeal when the appropriate officer is not served until after expiration of the statutory 20-day period.

■ Plaintiff filed its petition and a copy of its notice of appeal with the clerk of the district court on the twentieth day after adjournment of the board of review. However, the notice was not served on defendant until five days later.

In challenging the trial court's order sustaining defendant's special appearance, plaintiff contends the 20-day period was tolled by the filing with the clerk. This contention rests on the premise that rules 48 to 55, Rules of Civil Procedure, are applicable here. Rule 48 provides that, "A civil action is commenced by filing a petition with the court", and rule 55 provides that for purposes of statutes of limitations, "the filing of the petition shall be deemed a commencement of the action."

■ The deficiency in plaintiff's argument is that rules 48 to 55, R.C.P., are not applicable to appeals to district court from the board of review. The rules establish procedures for commencement of original actions in district court, and an appeal from a decision of the board of review is not an original action. Moreover, the procedure for conferring jurisdiction of an assessment appeal on the district court is specifically provided for in § 441.38. *Midwestern Realty Company v. City of Des Moines*, 210 Iowa 942, 945, 231 N.W. 459, 460 (1930) ("The district court has no original jurisdiction in such case. Its jurisdiction, on appeal from the statutory reviewing board, is itself purely statutory, and depends for its existence upon compliance with statutory prerequisites * * *.").

The statute provides "appeals may be taken" within 20 days of the adjournment of the board of review. It then says how appeals "shall be taken". "Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice." This means that in order for an appeal which "may be taken" within the 20-day period to be taken, the notice must be served before expiration of that period. Consequently when the chairman or presiding officer of the board of review is not served with notice of appeal within 20 days of the adjournment of the board of review, the district court does not acquire jurisdiction of the appeal.

Reference in § 441.38 to service of the notice of appeal "as an original notice" does not make the rules of civil procedure governing commencement of original actions applicable to assessment appeals. It merely defines how the appropriate official is to be served. By prescribing service of the notice as an original notice, the statute authorizes service as provided in rule 56.1, R.C.P.

Because plaintiff did not serve defendant with notice of appeal within the statutory period, the district court did not acquire jurisdiction of the appeal. The trial court correctly sustained defendant's special appearance.

One other matter requires attention. Defendant failed to file a timely appellate brief and, as a consequence, was denied the right to be heard in oral argument upon

submission of the appeal pursuant to rule 12(f), Rules of Appellate Procedure. A brief was filed for defendant on the date this appeal was submitted, and plaintiff subsequently moved that it be stricken. The motion is sustained, and no costs attributable to defendant's untimely brief shall be taxed to plaintiff.

AFFIRMED.