**Thomas H. WEGMAN and A & A Coins, Inc., Appellants,**

v.

**The CITY OF IOWA CITY, Iowa, Appellee.**

No. 62200.

Supreme Court of Iowa.

May 30, 1979.

Marion R. Neely, Iowa City, for appellants.

John W. Hayek, Hayek, Hayek & Hayek, Iowa City, for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, McCORMICK and McGIVERIN, JJ.

UHLENHOPP, Justice.

This case involves a dispute between land developers and a city as to whether streets in a proposed subdivision must be paved with six-inch portland cement. The appeal turns, however, on whether the district court was correct in sustaining a special appearance by the City.

The developers, plaintiffs-appellants Wegman and A & A Coins, did not make an evidentiary record in district court. In this court they argue numerous claimed facts which lack substantiation in the record. From the record we do have, we believe the following may be taken as established.

Plaintiffs filed with the City of Iowa City a proposed plat of a subdivision called "Prairie View Estates." The City's Planning & Zoning Commission reviewed the plat and voted to recommend to the city council that the plat be rejected. On March 7, 1978, the council rejected the plat. The next day the city clerk mailed to plaintiffs notice of the council's disapproval on March 7, 1978, and plaintiffs received the notice on March 10, 1978.

On March 27, 1978, plaintiffs attempted to appeal to the district court under section 409.15, The Code 1977. On that date they filed with the clerk of district court an appeal document entitled "Plaintiff's Appeal from Denial of Subdivision Plat" alleging various constitutional and nonconstitutional grounds for overturning the council's decision. The same date plaintiffs delivered to the sheriff an original notice and a copy of their appeal document, with a request for service on the city clerk that day. The sheriff served the city clerk two days later on March 29, 1978.

The City filed a special appearance in district court alleging inter alia that the service on the city clerk was untimely.

Plaintiffs then filed an amendment to their appeal document consisting of a second division in which they asked for a declaratory judgment on the grounds originally alleged and other grounds.

After a hearing the district court (Vietor, J.) sustained the special appearance on the ground the court did not acquire jurisdiction, citing *Economy Forms Corp. v. Potts*, 259 N.W.2d 787 (Iowa 1977). Plaintiffs' appeal to this court is from that ruling.

Although not relevant to the appeal before us, the record discloses that after the district court ruling on the original special appearance plaintiffs moved in district court for declaratory judgment on the pleadings. The City filed a second special appearance and alleged that the first special appearance disposed of the case and further, that the district court lacked jurisdiction because of plaintiffs' appeal to this court. After hearing, the district court (Shaeffer, J.) sustained this special appearance on the latter ground.

In this court plaintiffs advance three bases for reversal of the ruling appealed from: (1) the district court erred in sustaining the original special appearance on the ground of lack of jurisdiction, (2) the district court erred in the same ruling in disregarding the request for declaratory relief, and (3) the city council's decision from which plaintiffs appealed to district court was constitutionally infirm.

I. In support of their first proposition, plaintiffs cite two authorities: *Economy Forms* and *Eves v. Iowa Employment Security Commission*, 211 N.W.2d 324 (Iowa 1973).

Plaintiffs' appeal to district court from the council's decision was under section 409.15, which provides in relevant part:

From the action of the council refusing to approve any such plat, the applicant shall have the right to appeal to the district court within twenty days after such rejection by filing written notice of appeal with the city clerk.

The "action of the council refusing to approve" the plat occurred on March 7, 1978. To perfect an appeal to district court, plaintiffs had to file written notice of appeal with the city clerk within twenty days "after such rejection." Thus their last day for filing notice of appeal with the city clerk was March 27, 1978. § 4.1(22), The Code. Plaintiffs did not however "file" their appeal paper with the city clerk until March 29, 1978, the date the sheriff served it. Appeal statutes of this kind must be observed to the day. *Baker v. City of Cedar Falls*, 185 N.W.2d 810, 812 (Iowa 1971).

In seeking to overturn the district court's ruling on the original special appearance, plaintiffs argue that *Economy Forms* is inapplicable and that the appropriate authority is *Eves*.

*Economy Forms* appears to us to be directly on point. That case involved section 441.38, The Code, which allows assessment appeals within twenty days after the board of review adjourns, by serving written notice on the board's chairman or presiding officer. The plaintiff filed its petition and copy of notice of appeal with the clerk of court on the twentieth day after the adjournment but did not serve the board chairman until five days later. We stated in 259 N.W.2d at 788:

In challenging the trial court's order sustaining defendant's special appearance, plaintiff contends the 20-day period was tolled by the filing with the clerk. This contention rests on the premise that rules 48 to 55, Rules of Civil Procedure, are applicable here. Rule 48 provides that, "A civil action is commenced by filing a petition with the court," and rule 55 provides that for purposes of statutes of limitations, "the filing of the petition shall be deemed a commencement of the action."

The deficiency in plaintiff's argument is that rules 48 to 55, R.C.P., are not applicable to appeals to district court from the board of review. The rules establish procedures for commencement of original actions in district court, and an appeal from a decision of the board of review is not an original action. Moreover, the procedure for conferring jurisdiction of an assessment appeal on the district court is specifically provided for in § 441.38. *Midwestern Realty Company v. City of Des Moines*, 210 Iowa 942, 945, 231 N.W. 459, 460 (1930) ("The district court has no original jurisdiction in such case. Its jurisdiction, on appeal from the statutory reviewing board, is itself purely statutory, and depends for its existence upon compliance with statutory prerequisites * * *.").

The statute provides "appeals may be taken" within 20 days of the adjournment of the board of review. It then says how appeals "shall be taken." "Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice." This means that in order for an appeal which "may be taken" within the 20-day period to be taken, the notice must be served before expiration of that period. Consequently when the chairman or presiding officer of the board of review is not served with notice of appeal within 20 days of the adjournment of the board of review, the district court does not acquire jurisdiction of the appeal.

In *Economy Forms* time ran under section 441.38 from the "adjournment" of the board. Here time ran under section 409.15 from "rejection" of the plat, and time expired on March 27, 1978. Since the notice was not filed with the city clerk until two days later it was too late.

*Eves* dealt with an entirely different problem. Section 96.6(3) of the Code requires a "reasonable opportunity for fair hearing" on appeal from an administrative officer's decision. Under the facts presented we found that the unemployment insurance claimant did not receive such an opportunity. The commission, the losing party, was in the position of plaintiffs here, seeking to uphold the insufficient notice it gave the claimant.

Plaintiffs pose examples in which hardship could be worked upon developers, and such cases can be imagined. An unscrupulous and fraudulent council could conceal its rejection of a plat so that the developer could not file notice of appeal in time. We will deal with such a case if and when it arises. No such facts exist here. Section 409.15 does not require a city to inform a platter of the rejection of a plat. *Cf.* 46 *Am.Jur.2d Judgments* § 52, at 351 (1969); 49 *C.J.S. Judgments* § 112, at 236–37 (1947); 2 *Am.Jur.2d Administrative Law* § 471, at 282 (1962); 73 *C.J.S. Public Administrative Bodies & Procedure* § 149, at 482–83 (1951)

(rules on notices of decisions). But we need not now say whether a developer must take notice of decisions of a city council when no fraudulent concealment is involved. This statute gives the developer twenty days to appeal and these developers admittedly knew of the rejection three days after it occurred. They still had seventeen days to file their notice of appeal with the city clerk, but they did not attempt to do so until the twentieth day. Then they did not file a notice of appeal directly with the clerk; instead they took their papers to the sheriff who served the papers two days later, after the time to file with the city clerk had expired. Untimely service by an officer, wrong service, or no service at all are hazards which attend eleventh-hour attempts to serve. We find *Economy Forms* to be applicable and *Eves* to be inapplicable here. The district court properly sustained the original special appearance.

■ II. Plaintiffs assert that the district court erred in its order sustaining the first special appearance when it failed to deal with the merits of the amendment to the petition seeking a declaratory judgment. The district court has subject matter jurisdiction of declaratory judgment suits, Iowa R.Civ.P. 261, but the jurisdiction of the district court to entertain such suits must be properly invoked. Here plaintiffs sought to appeal under section 409.15 from the city council's decision, but they did not comply with that section. Hence we need not say whether plaintiffs could have added a declaratory judgment count by amendment to an appeal properly taken. Since the City appeared specially to the appeal and the district court correctly sustained the special appearance, plaintiffs had no pending proceeding to which to attach a second count. *Antrim v. Civil Service Commission*, 261 Iowa 396, 154 N.W.2d 711 (1967). Thus the merits of the second count were not before the district court. We find no error at this point.

■ III. Finally, plaintiffs assert that we have authority to hear de novo the merits of their constitutional challenges.

We have the same problem here as under plaintiffs' second basis for reversal, since plaintiffs' attempted appeal to district court was under section 409.15.

Plaintiffs had to invoke the jurisdiction of the district court properly before that court could consider the merits of the appeal from the council or this court could consider those merits on further appeal. That plaintiffs raised constitutional challenges to the council's decision and procedures did not mean plaintiffs could ignore the statute and rules on the procedure for invoking the district court's jurisdiction. Since the district court did not acquire jurisdiction of the appeal from the council, neither the district court nor we have authority to consider the merits of plaintiffs' constitutional claims. Our jurisdiction is limited to the appeal from the district court's ruling sustaining the original special appearance. The appeal is de novo, but a de novo appeal is a review, not an original proceeding. *In re Head*, 141 Iowa 651, 663, 118 N.W. 884, 889 (1908) ("As the district court of Greene County had no jurisdiction of the matter, we do not have on appeal, and this is an end to the controversy.").

If plaintiffs are dissatisfied with the rejection of their plat, their course is to repeat their proceedings before the city officials from the beginning and, if still dissatisfied with the result achieved, to appeal to district court by observing the requirements of section 409.15. Neither the district court's ruling nor this opinion constitutes an adjudication upon the merits of plaintiffs' dispute with the City.

AFFIRMED.