BHC COMPANY, An Illinois
Corporation, Appellant,

v.

BOARD OF REVIEW OF CEDAR RAP-
IDS, Iowa; James W. Bowker, Chair-
man of the Board of Review of Cedar
Rapids, Iowa; J. Thomas Hoegen, Ab-
bott Lipsky, L.P. Boudreaux and Leo C.
Peiffer, Members of the Board of Re-
view of Cedar Rapids, Iowa, Appellees.

No. 83–1371.

Supreme Court of Iowa.

July 18, 1984.

Peter C. Riley and Mary K. Hoefer, Ce-
dar Rapids, for appellant.

David F. McGuire, Cedar Rapids, for ap-
pellees.

Considered by HARRIS, P.J., and
McCORMICK, McGIVERIN, LARSON,
and CARTER, JJ.

HARRIS, Justice.

Plaintiff, owner of real estate in Cedar
Rapids, brings this appeal from the grant
of defendant board's special appearance.
The district court ruled that plaintiff made
a good faith and diligent effort to serve the
proper official, as required by Iowa Code
section 441.38 (1981), but was "unavoidably
unable to do so ...." The district court
felt obliged to sustain the special appear-
ance on the basis of our decision in *Econo-
my Forms Corp. v. Potts*, 259 N.W.2d 787
(Iowa 1977). We affirm.

The case arises from plaintiff's protest of
a real estate tax assessment by the Cedar
Rapids board of review. After an adverse
decision on the protest, plaintiff (BHC
Company, an Illinois corporation) asked Ce-
dar Rapids attorney Peter Riley to appeal
the decision to district court. Riley was
first retained late in the week prior to
Monday, July 4, 1983, but did not receive
the necessary materials from plaintiff until
July 5, 1983, the twentieth day following
the board's adjournment.

The client's timing put considerable pres-
sure on Riley. Under section 441.38, this
was the final day in which an appeal could
be taken. That section requires the appeal
to be taken "by a written notice ... to the
board chairman or presiding officer of the
board of review and served as an original
notice."

At the hearing on the board's special appearance, Riley detailed his efforts of July 5. He prepared the petition and notice and gave them to a private individual with instructions to file the petition, give the notice to the chairman, and take an acknowledgement of service. The papers were filed after 4:00 p.m. but James W. Bowker, the chairman, could not be found either at his office or home.

Riley then called a client, a former board chairman, and learned that Bowker had a cabin in northeast Iowa where he spent much of the summer. Riley then called the city attorney in an effort to learn Bowker's whereabouts. The city attorney was out of town and an assistant was unable to provide any information. From a former member of Riley's firm, a friend of Bowker, it was then learned that the cabin was in the McGregor, Iowa, area. They found, however, that Bowker had no phone listed there.

Riley next spoke with the sheriff's deputy in charge of notice service who said he never had trouble serving Bowker. The deputy reported that Bowker customarily appeared voluntarily when called. The deputy believed Bowker could not be located at the time because of an unsuccessful attempt to serve other tax appeals earlier in the day.

It was finally decided that Riley would deliver the notice to the office of the Linn County sheriff for service. This was done at approximately 6:30 p.m. on the evening of July 5. The sheriff did not serve notice on the chairman until July 8, 1983. Bowker had been out of the county on a fishing trip. The sole question on appeal is whether the district court obtained jurisdiction when notice was not served until twenty-three days after the board adjourned.

■ I. Review of a court decree in a tax protest proceeding is ordinarily *de novo*. *Cowles Communications v. Board of Review of Polk County*, 266 N.W.2d 626, 634 (Iowa 1978). This is true of our review of the factual compliance with section 441.38. *Id.* at 631. But where, as here, the only question is one of law the review is not *de novo*. In *Resthaven Cemetery Association v. Board of Review of Polk County*, 249 N.W.2d 618, 620 (Iowa 1977) we said:

No factual dispute between the parties is presented herein. The district court's determination plaintiff's notice of appeal failed to comply with the jurisdictional requirements in section 441.38 was the resolution of a question of law and is therefore not conclusive on appeal. [Authorities.]

II. As already noted, section 441.38 provides that an appeal must be taken within twenty days and requires the written notice of appeal to be "served as an original notice." *Economy Forms* held that, because an appeal to the district court is not an original action, the mere filing of a petition with the court does not toll the twenty-day period. We said the reference to service as an original notice "related only to Iowa R.Civ.P. 56.1 (manner of personal service) and not to rules 48 to 55 (procedures for commencing actions). 259 N.W.2d at 788.

Plaintiff nevertheless contends that the predecessor of rule 55 (old rule 49) does apply to the twenty-day limitation under section 441.38. Old rule 49 provided:

For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statute creating the remedy or not, the *delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately* (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action.

(Emphasis added.)

The procedure under old rule 49 was explained in *Schinker v. Ruud Manufacturing Co.*, 386 F.Supp. 626, 633 (D.Iowa 1974). This procedure was rendered unnecessary by present rule 55, adopted in 1975 Iowa Acts chapter 260, which provides that the mere filing of a petition shall toll the

statute of limitations applicable to the action.

Iowa Code section 441.38 was enacted when old rule 49 was in effect. Plaintiff argues that, by using the phrase "served as an original notice," the legislature intended rule 49 to apply. Under this theory the limitations period in sections 441.38 could be tolled merely by delivery to the sheriff under rule 49, and plaintiff's appeal could not be defeated by the sheriff's subsequent late service on the proper officials.

We adopted a similar theory with regard to Iowa tort claims in *Hansen v. State*, 298 N.W.2d 263, 266 (Iowa 1980). *Hansen*, however, involved an *original* action before the court. *Cf. Board of Directors v. Cherokee County Board*, 260 Iowa 210, 215, 149 N.W.2d 304, 307 (1967) (rule 49 applicable to *original* proceeding in district court to determine rights of parties and legality of actions of state board of public instruction). Unlike *Hansen* and *Board of Directors*, this case involves an appeal to the district court. Consequently, under the *Economy Forms* rationale, it seems the procedure under old rule 49 is no more applicable to section 441.3 than to the new procedure under rule 55.

More analogous is the case of *Wegman v. City of Iowa City*, 279 N.W.2d 261 (Iowa 1979), which involved an appeal to the district court from a decision of a city planning and zoning commission. The applicable statute in that case, Iowa Code section 409.15 (1975), provided in part:

> From the action of the council refusing to approve any such plat, the applicant shall have the right to appeal to the district court within twenty days after such rejection by filing written notice of appeal with the city clerk.

The facts in *Wegman* were stated as follows:

> On March 7, 1978, the council rejected the plat. The next day the city clerk mailed to plaintiffs notice of the council's disapproval on March 7, 1978, and plaintiffs received the notice on March 10, 1978.

On March 27, 1978, plaintiffs attempted to appeal to the district court under section 409.15. . . . On that date they filed with the clerk of district court an appeal document entitled "Plaintiff's Appeal from Denial of Subdivision Plat" alleging various constitutional and non-constitutional grounds for overturning the council's decision. The same date plaintiffs delivered to the sheriff an original notice and a copy of their appeal document, with a request for service on the city clerk that day. The sheriff served the city clerk two days later on March 29, 1978. *Id.* at 262.

We affirmed the sustaining of the council's special appearance. After citing *Economy Forms* we pointed out: "Untimely service by an officer, wrong service, or no service at all are hazards which attend eleventh-hour attempts to serve." *Id.* at 264. Under *Wegman*, the procedure under old rule 49 is not applicable to notices of appeal.

Plaintiff's argument is also countered by our cases involving appeals to district court from decisions of condemnation commissions. In *Mazzoli v. City of Des Moines*, 245 Iowa 571, 63 N.W.2d 218 (1954), notice of appeal was delivered to the sheriff for service within the limitations period, but was served on the proper officials four days late. As does the present case, *Mazzoli* involved a service of notice statute which required notice of appeal to be served "in the same manner as an original notice." We nevertheless held that rule 49 did not apply to notices of appeal. *Id.* at 573–74, 63 N.W.2d at 219–20. *Accord Kenkel v. Iowa State Highway Commission*, 162 N.W.2d 762, 765 (Iowa 1968); *Scoular-Bishop Grain Co. v. Iowa State Highway Commission*, 258 Iowa 1003, 1006, 140 N.W.2d 115, 117 (1966).

■ A plaintiff may deliver a notice to a sheriff for service whether it is an original notice or notice of appeal. *See* Iowa R.Civ.P. 52. Under the *Mazzoli* line of cases, however, a notice of appeal, unlike an original notice, must be served by the sheriff within the statutory limitations period. We find no merit in plaintiff's conten-

tion that former rule 49 exempts him from our holding in *Economy Forms*.

▄ III. Plaintiff also argues that, even if old rule 49 does not apply in this case, its efforts on June 5 nevertheless "substantially complied" with a notice requirement to section 441.38. When the same contention was raised in condemnation appeals we rejected it as follows:

As a result of appellants' failure to serve notice of appeal in substantial compliance with the statute the court did not have jurisdiction of the parties. The effect of a contrary holding would be to extend the time within which an appeal may be taken. This we cannot do. [Authority.]

*Kenkel,* 162 N.W.2d at 765. We adhere to the same view here.

▄ IV. Finally, plaintiff asserts that this case requires reversal as a matter of "public policy." It asserts it would be extremely unjust if a defendant were able to avoid a lawsuit by "... being unavailable for service during critical times." The assertion is misplaced. In *Cunningham v. Iowa Department of Job Service,* 319 N.W.2d 202, 205 (Iowa 1982) we said: "Jurisdiction does not attach, nor is it lost, on equitable principles. It is purely a matter of statute."

We do not suggest, if the case were subjected to an equitable balance, plaintiff would prevail. The Iowa rules of civil procedure clearly provide a method, under rule 56.1(n), of serving notice if the proper official is not available. This procedure was used in *Cowles,* 266 N.W.2d at 627–28.

We note, too, even if the board's assessment is erroneous, plaintiff is harmed for only one year. *See Farmers Grain Dealers Association v. Woodward,* 334 N.W.2d 295, 298 (Iowa 1983). Finally, there is a compelling reason for adhering to procedural rules:

It is not for us to regret that we have been compelled to follow a strict and technical line in our decision set out above. The so-called technicalities of the law are not always what they seem.

When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite.

*Esterdahl v. Wilson,* 252 Iowa 1199, 1208, 110 N.W.2d 241, 246 (1961).

AFFIRMED.