# IN THE SUPREME COURT OF IOWA

No. 20–1244

Submitted December 14, 2021—Filed January 28, 2022

**STATE OF IOWA,**

> Appellee,

vs.

**GEORGE DAVIS,**

> Appellant.

---

Appeal from the Iowa District Court for Polk County, Mark F. Schlenker, District Associate Judge.

Defendant challenges the legality of his sentencing hearing, contending the district court denied the defendant the right of allocution. **AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which Christensen, C.J., and Appel, Waterman, Mansfield, and Oxley, JJ., joined. Appel, J., filed a concurring opinion. McDermott, J., filed a dissenting opinion.

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

**McDONALD, Justice.**

Iowa Code section 814.6A(1) (2019) provides that "[a] defendant who is currently represented by counsel shall not file any pro se document . . . in any Iowa court" and further provides that a court "shall not consider, and opposing counsel shall not respond to, such pro se filings." While represented by counsel, defendant George Davis timely filed a pro se notice of appeal from his conviction for operating while intoxicated, third offense. Davis's appellate counsel subsequently filed an untimely notice of appeal. The primary question presented in this appeal is whether Davis's timely pro se notice of appeal accompanied by counsel's untimely notice of appeal was sufficient to invoke this court's appellate jurisdiction. For the reasons expressed below, we answer this question in the affirmative. On the merits, Davis contends the district court denied him the right of allocution at sentencing and requests that this matter be remanded for resentencing. We conclude the defendant was provided the right of allocution and affirm the defendant's sentence.

In December 2019, Davis was arrested after he drove off the road into the front yard of a residence, struck a tree, and was found in possession of prescription drugs not prescribed to him. He was charged with operating while intoxicated, third offense, as a habitual offender, and possession of a controlled substance, first offense. Davis pleaded guilty to operating while intoxicated, third offense, and agreed to an indeterminate term of incarceration not to exceed five years, and the State agreed to dismiss the habitual offender enhancement and the possession charge. On August 24, 2020, the district court sentenced Davis

to the bargained-for sentence. On September 10, Davis timely filed a pro se notice of appeal. This timely notice of appeal was certified by the clerk of court on September 14. On September 14, Davis's plea counsel moved to withdraw from the case. The district court granted Davis's plea counsel's motion to withdraw and appointed the appellate defender's office to represent Davis on appeal.

In light of section 814.6A, we had concerns regarding this court's jurisdiction over Davis's appeal. "It is a fundamental principle of our jurisprudence that a court has the inherent power to decide if it has subject matter jurisdiction over a matter." *Colwell v. Iowa Dep't of Hum. Servs.*, 923 N.W.2d 225, 238 (Iowa 2019). Once a jurisdictional question has been raised, the court must examine the grounds for the assertion of its appellate jurisdiction before proceeding further. *See id.* To assist in our examination of the jurisdictional question, we requested that the parties provide supplemental briefing. After this court requested supplemental briefing, Davis's appellate counsel filed an amended notice of appeal on August 23, 2021. Counsel's notice of appeal states, "Davis appeals to the Supreme Court of Iowa from the final order entered in this case on the 24th day of August, 2020, and from all adverse rulings and orders inhering therein. A [p]ro se notice of appeal was filed on September 10, 2020."

There is no dispute Davis has a statutory ground to appeal as a matter of right. "Iowa Code section 814.6(1)(*a*)(3) provides a defendant may appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class 'A' felony or the defendant establishes good cause." *State*

*v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021). Davis did not plead guilty to a class "A" felony, and he thus must establish good cause to appeal as a matter of right. Good cause to appeal requires the defendant to establish a "legally sufficient reason" to appeal. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). We have found a defendant generally has good cause to appeal as a matter of right when the defendant challenges his sentencing hearing or the sentence itself. *See, e.g.*, *State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (finding good cause to determine whether a prosecutor breached a plea agreement to remain silent at sentencing when the defendant absconded after the plea hearing and failed to appear at the original sentencing hearing); *Boldon*, 954 N.W.2d at 69 (finding good cause to determine whether prosecutor breached a plea agreement and whether the district court improperly used the defendant's juvenile offense history during sentencing); *Damme*, 944 N.W.2d at 105 (finding good cause to determine whether the district court improperly referred to the defendant's family's criminal history during sentencing). Davis's challenge to the sentencing hearing and the subsequent sentence establishes good cause to appeal as a matter of right.

To exercise his appeal as a matter of right, Davis was required to timely initiate and perfect his appeal. An appeal from a final judgment of sentence is initiated by "filing a notice of appeal with the clerk of the district court where the order or judgment was entered." Iowa R. App. P. 6.102(2). The "notice of appeal must be filed within 30 days after the filing of the final order or judgment." *Id.* r. 6.101(1)(*b*). This rule is "mandatory and jurisdictional." *Concerned Citizens of Se.*

*Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015) (quoting *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013)). If a party does not timely file a notice of appeal, the court has no jurisdiction over the appeal and the matter must be dismissed. *See id.*

In the past Davis's timely filing of his pro se notice of appeal would have been sufficient to invoke this court's appellate jurisdiction. In 2019, however, the legislature prohibited defendants represented by counsel from filing pro se documents in any Iowa court and prohibited the courts from considering any such documents. *See* 2019 Iowa Acts ch. 140, § 30 (codified at Iowa Code § 814.6A (2020)). The State contends that where, as here, a defendant is represented by counsel, section 814.6A renders a pro se notice of appeal a nullity without legal effect. The court of appeals recently has reached this conclusion. *See State v. Stark*, No. 20–1503, 2021 WL 4592246, at *3 (Iowa Ct. App. Oct. 6, 2021) (stating pro se notice of appeal was a nullity but granting delayed appeal); *cf. Boring v. State*, No. 20–0129, 2021 WL 2453045, at *3 (Iowa Ct. App. June 16, 2021) ("However, the notice of appeal was again filed pro se while Boring was still represented by counsel. Accordingly, it was a document that could not be considered. It was a nullity, as the State claims. For that reason, the appeal is dismissed.").

Although we have not yet had the opportunity to address the legality or effect of section 814.6A as applied to a pro se notice of appeal, we have addressed the statute's (and a similar statute's) legality and effect in other contexts. Last term, in *State v. Thompson*, we held section 814.6A prohibited an appellant

represented by counsel from filing a pro se supplemental brief on appeal and directed the clerk of the supreme court to strike any such brief. 954 N.W.2d 402, 418–19 (Iowa 2021). In reaching that conclusion, we rejected a separation-of-powers challenge to the new law. *See id.* In *Hrbek v. State,* we confronted a similar statute, Iowa Code section 822.3A, barring certain pro se documents in postconviction-relief proceedings. 958 N.W.2d 779, 781 (Iowa 2021). We held section 822.3A did not violate the separation-of-powers doctrine, concluding the challenge was "materially indistinguishable" from the claim rejected in *Thompson. Hrbek,* 958 N.W.2d at 784. We also rejected the applicant's claims that the prohibition of pro se filings in postconviction-relief proceedings violated the applicant's "inalienable rights; the right to the assistance of counsel; the right to access the courts; the right to the equal protection of the laws; and 'some principle of due process' " and held "there is no constitutional right of any sort to file pro se supplemental documents in postconviction-relief proceedings and postconviction appeals." *Id.* at 785.

Davis advances several arguments that section 814.6A is inapplicable to pro se notices of appeal, and he advances several arguments that, if section 814.6A is applicable to pro se notices of appeal, then the law is unconstitutional as applied. First, Davis contends section 814.6A applies only to appellate court filings and not documents filed in the district court. In support of this argument, he notes the statutory provision at issue is contained within chapter 814, which addresses "Appeals from the District Court." Second, he contends section 814.6A applies only to substantive documents, including briefs and motions, but not

nonsubstantive ministerial documents like notices of appeal. In support of this argument, Davis relies on language in *Thompson* where we explained that the legislature had a legitimate reason to restrict pro se documents on appeal so that "counsel and client speak with one voice." 954 N.W.2d at 418 (quoting *United States v. Turner*, 677 F.3d 570, 579 (3d Cir. 2012)). Davis argues the concern about counsel and client speaking with one voice is inapplicable to nonsubstantive ministerial documents. Third, Davis argues section 814.6A is inapplicable here because, although he was represented by counsel in the district court at the time he filed his pro se notice of appeal, he was not yet represented by appellate counsel. If the court rejects these arguments and holds section 814.6A is applicable to his pro se notice of appeal, then Davis argues the law violates his federal and state constitutional rights to due process of law.

We need not resolve these arguments to resolve the jurisdictional question presented. Even assuming section 814.6A prohibited Davis from filing a pro se notice of appeal while represented by counsel, we conclude Davis is entitled to seek a delayed appeal under the circumstances presented.

Our precedents have allowed delayed appeal where a defendant has expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control. *See Swanson v. State*, 406 N.W.2d 792, 793 (Iowa 1987) (recognizing that this court has allowed delayed appeal where "state action or other circumstances beyond appellant's control have frustrated an intention to appeal"); *State v. Anderson*, 308 N.W.2d 42, 46 (Iowa 1981) (granting delayed

appeal where the defendant "expressed his intention to appeal" at the time of sentencing, "the court appointed appellate counsel," but counsel failed to timely perfect appeal); *Horstman v. State*, 210 N.W.2d 427, 429 (Iowa 1973) (allowing delayed appeal where the defendant "express[ed] his intention to appeal before the appeal period expired" but was without counsel to timely perfect appeal); *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971) (allowing delayed appeal where the defendant "at all times attempted to appeal his conviction" but was unable to perfect the appeal due to "[h]is confinement and lack of knowledge as well as counsel's erroneous assumption that proper appeal notice had been given"). Our cases allowing delayed appeal have made clear, however, that allowing delayed appeal "has never been considered a discretionary action based on mere excusable neglect. It is limited to those instances where a valid due process argument might be advanced should the right of appeal be denied." *Swanson*, 406 N.W.2d at 793; *see also Earley v. Bd. of Adjustment of Cerro Gordo Cnty.*, 955 N.W.2d 812, 819 (Iowa 2021) (describing the importance of stare decisis).

The State concedes this court could grant delayed appeal but argues this court should not grant delayed appeal under the circumstances presented. We disagree. All of the relevant considerations identified in our precedents allowing delayed appeal are present here.

First, Davis timely expressed his good faith intent to appeal. He did so when he filed his pro se notice of appeal. Davis's timely expression of his intent to appeal was also evidenced in other documents. The clerk of court certified Davis's pro se notice of appeal. The district court acknowledged Davis's timely

pro se notice of appeal and ordered the appellate defender's office to represent Davis. Plea counsel's motion to withdraw referenced Davis's timely notice of appeal. And appellate counsel's untimely notice of appeal mentioned that Davis had timely filed a pro se notice of appeal.

Second, Davis's failure to timely perfect his appeal was due to state action and circumstances beyond his control. To the extent section 814.6A applies to a pro se notice of appeal, the state has imposed a statutory bar preventing a defendant represented by counsel from pursuing a statutory right of appeal. *See generally Garza v. Idaho*, 139 S. Ct. 738, 746 (2019) ("[F]iling a notice of appeal is, generally speaking, a simple, nonsubstantive act that is within the defendant's prerogative."). In light of the statutory bar, criminal defense trial counsel is obligated to file a notice of appeal on behalf of the defendant once the defendant timely expresses an intent to appeal. *See* Iowa Rs. Crim. P. 2.29(6) ("Trial counsel shall continue as defendant's appointed appellate counsel unless the trial court or supreme court orders otherwise."); 2.30(1) (providing criminal defense counsel cannot withdraw from a case after the entry of judgment of conviction and sentence without leave of court until "filing of notice of appeal . . . or until the expiration of the time for appeal"). Counsel's failure to timely file a notice of appeal after the client's timely expression of his intent to appeal would constitute a violation of the client's right to the effective assistance of counsel. *See Blanchard v. Brewer*, 429 F.2d 89, 90 (8th Cir. 1970) (stating counsel's "failure to perform the simple procedure of timely filing a notice of appeal is not . . . 'effective' assistance" (quoting *Shipman v. Gladden*, 453 P.2d 921, 925 (Or.

1969) (en banc))). When " 'counsel's constitutionally deficient performance deprive[d the defendant] of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims.' " *Garza*, 139 S. Ct. at 747 (second alteration in original) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). While we are not deciding a claim of ineffective assistance of counsel, we recognize that counsel's failure to timely file a notice of appeal was a circumstance outside the defendant's control.

For these reasons, we treat Davis's appellate counsel's late-filed notice of appeal as an application for delayed appeal. We grant the application and conclude the court has jurisdiction over Davis's appeal.

We now turn to Davis's challenge to his sentencing hearing. Davis contends the district court denied him the right of allocution. The right of allocution is expressed, in part, in Iowa Rule of Criminal Procedure 2.23(3)(*d*), which provides that prior to the rendition of judgment, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." In affording the defendant the right of allocution, the district court need not utter any particular words or phrases. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (en banc); *State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999) (per curiam); *State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997) (per curiam). Substantial compliance is sufficient. *Duckworth*, 597 N.W.2d at 800. "The important thing is whether the defendant is given *an opportunity* to volunteer

any information helpful to the defendant's cause." *Craig*, 562 N.W.2d at 635 (emphasis added).

Although the sentencing hearing was somewhat disorganized, the district court did afford Davis and Davis's counsel the opportunity to provide information helpful to the defendant's cause. At time of sentencing, the State made its recommendation, and the district court gave Davis the opportunity to speak in mitigation of punishment. Davis stated:

> We--I have an accident. I was not hurt. I did take two prescription pills that were my son's, and other than that I should be not guilty for that--for on account of the accident, but anyway I got sentenced for it.

At that point, the district court appeared to believe this was a challenge to the plea and called for a recess to further consider the matter and allow counsel to speak with Davis. When the court reconvened, the district court invited Davis to the microphone, and Davis stated, "My lawyer and I discussed it and come to the conclusion that I can go ahead and accept the five-year sentence." Defense counsel then engaged in a colloquy with Davis regarding the plea. Following that colloquy, the district court pronounced sentence.

Davis argues he was not given the chance to allocute but was instead challenging the voluntariness of the plea. We disagree. The district court and the parties went through the presentence investigation report and other sentencing matters. The district court gave Davis the opportunity to speak by asking Davis if he wished to address the court. Davis took this opportunity to minimize the offense conduct. After taking a recess, the district court again invited the defendant to the microphone and afforded Davis the opportunity to speak on his

behalf, and Davis said he could accept the sentence. The district court substantially complied with Iowa Rule of Criminal Procedure 2.23(3)(*d*) when it gave the defendant two different opportunities to speak prior to the rendition of judgment.

**AFFIRMED.**

Christensen, C.J., and Appel, Waterman, Mansfield, and Oxley, JJ., join this opinion. Appel, J., files a concurring opinion. McDermott, J., files a dissenting opinion.

**APPEL, Justice (concurring).**

I concur with the majority opinion in this case finding good cause to bring a direct appeal. I also agree that, on the merits of his claim, George Davis is not entitled to relief. I write separately to again emphasize the extraordinary nature of the legal framework for considering ineffective-assistance-of-counsel claims in Iowa under Iowa Code chapter 822 (2019).

First, it is hard to imagine that a person convicted of a crime who is represented by counsel does not have a right to at least one appeal as a matter of due process, particularly when the claim involves ineffective assistance of counsel. The law is just too complicated, our systems of public defense too overburdened and fragile, and our ability to develop records for appeal too easy, to come to any other conclusion. I discussed this issue at some length before and need not recanvass the authorities here. *See State v. Tucker*, 959 N.W.2d 140, 154–68 (Iowa 2021) (Appel, J., concurring specially). But to me it is clear that if there is no right to a direct appeal of an ineffective-assistance-of-counsel claim, then the constitutionally required right of first appeal is an action for postconviction relief.

Second, if the right of first appeal is implemented through a petition for postconviction relief, the postconviction-relief proceeding must comply with the constitutional requisites of a right of first appeal. Without question, the exercise of a right of first appeal would be a critical stage in the proceeding. Just as an indigent defendant is constitutionally entitled to a lawyer to assist in the

development of the first appeal as a matter of right when it is a direct appeal, *Douglas v. California*, 372 U.S. 353, 355–56 (1963), the same constitutional requirement should apply where the first right of appeal is a petition for postconviction relief. *See, e.g., Grinols v. State*, 74 P.3d 889, 894–95 (Alaska 2003) (recognizing a due process clause right to counsel in postconviction-relief proceedings under the Alaska Constitution); *Deegan v. State*, 711 N.W.2d 89, 98 (Minn. 2006) (en banc) (holding that a defendant is entitled to counsel in one appeal as a matter of right under *Douglas* and the Minnesota Constitution); *State v. Quixal*, 70 A.3d 749, 755–56 (N.J. Super. Ct. App. Div. 2013) (holding there is a right to counsel in a first appeal whether on direct appeal or through postconviction proceedings).

When a criminal defendant seeks a direct appeal, all that is required is the filing of a notice of appeal. Iowa R. App. P. 6.102(2). The notices simply specify the parties taking the appeal and the decree or judgment, order, or part thereof appealed. *Id.* No substantive analysis or presentation of legal or factual issues is required, there is no review of the notice for a substantive legal or factual argument, and, if the defendant is indigent, counsel is appointed to handle the appeal. Once counsel is appointed, the attorney and client can work together to develop the strongest available arguments to support the appeal.

But an action for postconviction relief is quite different. The initial filing in an action for postconviction relief is not a mere "notice" indicating that the defendant wishes to challenge his conviction. There are substantive requirements. The initial petition must "specifically set forth the grounds upon

which the application is based." Iowa Code § 822.4. Further, "facts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be verified as provided in section 822.3." *Id.* Further, "affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached." *Id.*

The petition must be adequately framed to avoid dismissal, either by the court or on motion of the state. *Id.* § 822.6. So, an unrepresented indigent defendant, most likely incarcerated, is on his or her own to figure out what claims might be available, present them in a legally sufficient petition, including affidavits, records, and other evidence, and timely file the petition in the right court. *Id.* § 822.6(2)–(3).

If anything, it was an understatement when I noted in *State v. Tucker* that "[c]omplying with these provisions [of chapter 822] will be very difficult for an indigent, unschooled defendant without a lawyer's help." 959 N.W.2d at 156. How does an unrepresented indigent criminal defendant know whether there has been ineffective assistance at trial? Will the indigent criminal defendant be in a position to order the transcript of the trial and study it for mistakes or omissions? Will the indigent criminal defendant be in a position to spot hearsay that came in without objection? Will the indigent criminal defendant be able to spot a rule 403 problem? What about an error in the marshalling instruction? Will the indigent criminal defendant be in a position to analyze elements of the crime and compare it to the evidence admitted at trial? And on and on and on.

Further, once a petition is filed, we have held that the appointment of counsel under the statute is only discretionary. Iowa Code § 822.5; *Leonard v. State*, 461 N.W.2d 465, 467 (Iowa 1990). It might be tempting for a district court to dismiss an apparently untimely petition without appointing counsel. But a petition that is invalid on its face, say, for being untimely, might have survived if a lawyer recognized and developed new issues of fact or law that could not have been raised within the applicable time period. Iowa Code § 822.3.

This, to me, is an unsatisfactory regime to be avoided whenever possible. Where an ineffective-assistance-of-counsel claim does not require further factual development but may be resolved on direct appeal, I would find "good cause" to permit a direct appeal to go forward. That would be the most efficient approach and would comport with due process and the right to counsel. *See State v. Treptow*, 960 N.W.2d 98, 113–16 (Iowa 2021) (Appel, J., dissenting).

In all other cases where a criminal defendant's first appeal is an application for postconviction relief, the indigent pro se defendant is on his or her own in drafting and filing a timely petition for postconviction relief under chapter 822. While the statute as interpreted by this court provides the district court with discretion regarding the appointment of counsel, no one would think that the appointment of counsel for an indigent defendant on direct appeal is discretionary. Constitutional considerations strongly suggest that district courts should appoint counsel whenever an indigent criminal defendant seeks to exercise his or her due process right to appeal through a postconviction-relief proceeding. And, if the right to counsel is not to be offended, an application for

postconviction relief should not be dismissed until counsel has been appointed and had an opportunity to file an amended petition.

**McDERMOTT, Justice (dissenting).**

I.

I remain of the view that we should not grant ad hoc exceptions to our jurisdictional appeal deadlines and thus respectfully dissent from the majority's granting of the defendant's late-filed appeal. We are expanding our jurisprudence on permitting appeals filed after the jurisdictional deadline at a rapid clip; by my count, this is our fourth such case in recent months. *See In re W.T.*, 967 N.W.2d 315 (Iowa 2021); *In re A.B.*, 957 N.W.2d 280 (Iowa 2021); *In re W.M.*, 957 N.W.2d 305 (Iowa 2021). With each exception that we make to our appeal deadlines, we introduce uncertainty and arbitrariness in deadlines relied on by bench and bar to provide clarity and uniformity.

Appeal deadlines, it bears repeating, are "mandatory and jurisdictional." *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013) (quoting *In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978)). This means that we, as an appellate court, *do not have jurisdiction* to hear a case when parties miss the filing deadlines. *Anderson v. State*, 962 N.W.2d 760, 762 (Iowa 2021). Due process itself makes jurisdictional requirements mandatory since "[d]ue process protects the defendant's right not to be coerced except by lawful judicial power." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011). Procedural rules "serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done and confusion, even chaos,

may be avoided." *BHC Co. v. Bd. of Rev.*, 351 N.W.2d 523, 526 (Iowa 1984) (quoting *Esterdahl v. Wilson*, 110 N.W.2d 241, 246 (Iowa 1961)).

Under our court's precedents created in *State v. Thompson*, 954 N.W.2d 402 (Iowa 2021), and *State v. Hrbek*, 958 N.W.2d 779 (Iowa 2021)—both of which I dissented from on constitutional separation-of-powers grounds—the pro se notice of appeal that Davis filed is ineffectual because he was represented by counsel when he made the filing. Iowa Code § 814.6A(1) (2019). Last term, we found an appeal that the defendant filed six months after the deadline "far too long to permit a delayed appeal." *Anderson*, 962 N.W.2d at 763. Today, the majority permits a delayed appeal based on the notice filed by Davis's lawyer almost a year after the deadline. I would not further expand our swelling delayed-appeal precedents by granting a delayed direct appeal in this case.

II.

But that doesn't end the analysis. Davis argues that the district court, as part of the disclosures that the court must make to defendants about their appeal rights under Iowa Rule of Criminal Procedure 2.23(3)(*e*), needed to advise Davis that the notice of appeal could only be filed by his counsel. He argues that the district court's failure to adequately notify him of his appeal rights deprived him of the opportunity to timely file a direct appeal.

Davis's jurisdictional statement to our court can be read to allege a claim that the district court acted illegally in failing to adequately advise him of his appeal rights. Rule 6.107 states that a party asserting that a district court judge "exceeded the judge's jurisdiction or *otherwise acted illegally*" may file an original

certiorari action in the supreme court. Iowa R. App. P. 6.107(1)(*a*) (emphasis added). That Davis's appellate counsel filed a notice of appeal and not a petition for writ of certiorari is no roadblock. If our court "determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." *Id. r.* 6.108; *Crowell v. State Pub. Def.,* 845 N.W.2d 676, 682 (Iowa 2014). "Our power to review lower court actions by issuing writs of certiorari is discretionary." *Crowell*, 845 N.W.2d at 682.

In exercising that discretion and addressing Davis's argument, we start with Iowa Rule of Criminal Procedure 2.23(3)(*e*), which requires that when imposing a sentence the district court "shall advise the defendant of the defendant's statutory right to appeal." The rule includes that the notification "advise defendant that filing a notice of appeal within the time and in the manner specified in Iowa R. App. P. 6.101 is jurisdictional and failure to comply with these provisions shall preclude defendant's right of appeal." Iowa R. Crim. P. 2.23(3)(*e*). The cited rule of appellate procedure, rule 6.101, lists deadlines (thirty days in most cases) for filing a notice of appeal.

The district court at sentencing informed Davis of the thirty-day deadline to file a notice of appeal. But the court never specified that only his lawyer—because Davis was a represented party—would be permitted to file the notice of appeal. Certainly the *who* is as important as the *when* when it comes to appeal notices; on this point there can be no dispute because a failure to comply with either one is fatal to the appeal. Considering the critical importance of having

the lawyer—and *not* a represented defendant—file the notice of appeal, the district court's notification left out such a crucial piece of information that the district court cannot be said to have adequately "advise[d] the defendant" of his statutory right to appeal. *Id.*

The circumstances of this case show not only that the district court failed to properly advise Davis about his appeal rights, but further took action that had the effect of concealing from Davis that failure. The district court sentenced Davis on August 24, 2020. Davis filed his pro se notice of appeal seventeen days later, on September 10. His pro se notice was a nullity from the outset by application of Iowa Code section 814.6A. Yet four days later, on September 14, the district court entered an order that gave Davis and his lawyers every indication that the pro se notice of appeal was valid. The court's order stated:

> A Notice of Appeal was filed by the Defendant. The defendant is indigent. Counsel shall be appointed to represent Defendant on this appeal.
>
> The Appellate Defender's Office is appointed to represent the Defendant in this appeal.
>
> The transcripts in all proceedings in this matter shall be prepared at State expense.
>
> Counsel is advised that the combined certificate must be filed and served within four (4) days after the filing of the notice of appeal. *See* Iowa R. App. P. 10(b). If it is not possible to meet that deadline at the time of appointment, counsel shall file an application for extension of time with the Clerk of the Supreme Court. . . . The appeal must then be docketed within the applicable deadline set forth under Iowa R. App. P. 12(a) or (b).

Within an hour, Davis's trial counsel filed a motion acknowledging that "[t]he Defendant filed a Notice of Appeal on September 10, 2020" and that the court

had already appointed the appellate defender's office to represent Davis in the appeal. The motion requested permission to withdraw as counsel. The district court granted the motion to withdraw that same day.

The district court's order thus treated Davis's pro se filing not as a nullity but as a valid notice of appeal on which orders of trial counsel's withdrawal, appellate counsel's appointment, and other appeal particulars could be rendered. Davis thus not only wasn't informed that he couldn't file the notice of appeal, he (and his lawyer) were led to believe that the invalid notice of appeal *was in fact proper*. And all of this occurred while there was still time—at least ten days—for Davis to fix the error within the thirty-day deadline.

When a defendant who is entitled to court-appointed counsel wishes to appeal the conviction or sentence, the court may permit trial counsel to withdraw *only if* trial counsel has first filed a notice of appeal. Iowa R. Crim. P. 2.30(1) (stating that "*counsel* must file with the district court the notice of appeal . . . before being allowed to withdraw" (emphasis added)). The court permitted trial counsel to withdraw and appointed the state appellate defender's office after Davis filed his pro se notice of appeal. Had the court notified Davis of the notice-of-appeal error—or had it at minimum not taken action that reasonably caused Davis and his lawyers to believe that the pro se notice had legal effect—Davis could have corrected the mistake within the deadline by directing his counsel to file the notice. The district court should have refused to permit trial counsel to withdraw until a corrected notice had been filed. *See id.*

What's more, Iowa Code section 814.6A(1) commands that "[t]he court *shall not consider*, and opposing counsel *shall not respond to*, such pro se filings." (Emphasis added.) But the district court plainly *did* consider Davis's pro se filing when it acknowledged his pro se notice of appeal as the basis to permit trial counsel's withdrawal, appoint the appellate defender, order preparation of the transcripts, set the deadline for the combined certificate, and so on. The court's actions violated both section 814.6A and rule 2.30(1).

A petition for writ of certiorari must be filed within thirty days of the alleged illegal action by the court being challenged. Iowa R. App. P. 6.107(1)(*b*). But in this case, Davis wasn't put on notice of the need for counsel to file the notice of appeal until our court issued an order (on our own motion) for the parties to file supplemental briefs about our jurisdiction to hear the appeal. Until then, Davis wouldn't have known that the district court—contrary to its legal duties—failed to notify him at sentencing of the counsel-required appeal notice and treated his invalid pro se notice of appeal as valid. Davis, in other words, wouldn't have known that he was injured by the district court's actions because the district court's own actions concealed the injury. Although Davis more properly should have filed a petition for a writ of certiorari upon discovering the defect after our request for briefing, we may consider the counsel-filed notice of appeal and argument in his supplemental brief as if the proper form of review had been requested. *Id.* r. 6.108. Those filings were made within the required thirty-day deadline.

None of this is to suggest, of course, that the district court ever intended to misdirect Davis, or to lull him or his counsel into failing to properly secure his appeal rights. But as the events played out, the district court's actions after the sentencing prevented Davis and his counsel from correcting the error before the deadline passed. The district court thus prejudicially magnified its failure to adequately inform Davis of his appeal rights at sentencing as required.

In *Rodriquez v. United States*, the defendant's trial counsel failed to file a notice of appeal in the required timeframe and the defendant filed a pro se notice of appeal that the court dismissed as untimely. 395 U.S. 327, 328 (1969). The United States Supreme Court found that the trial judge was on notice that the defendant would soon be unrepresented and therefore the court was required to inform the defendant of his right to appeal under the federal rules. *Id.* at 331–32. The Court held that the trial judge's failure to inform the defendant or inquire further into the motion "effectively deprived petitioner of his right to appeal." *Id.* at 332. The Court remanded the case for resentencing and to allow the defendant to perfect his appeal. *Id.*

I would grant a writ of certiorari and hold that the district court was required to inform Davis under rule 2.23(3)(*e*) at sentencing that only his lawyer could file a valid notice of appeal, consistent with section 814.6A. This failure, and the ensuing events that compounded and worked to hide its disclosure from Davis until well beyond his appeal deadline, permit our review of this claim. The appropriate remedy in this situation is to remand to the district court for a prompt resentencing. At the resentencing hearing, the district court would be

required to include in its notice to Davis about his appeal rights information about *who* must file any notice of appeal. If Davis thereafter wished to pursue his appeal, he would have that opportunity.