Francis J. PICRAY, Jr., Plaintiff-Appellant,

v.

CITY OF DES MOINES, IOWA and The Civil Service Commission of the City of Des Moines, Iowa, Defendants-Appellees.

No. 83–446.

Court of Appeals of Iowa.

March 20, 1984.

Roger J. Kuhle of Mumford, Schrage, Merriman & Zurek, P.C., Des Moines, for plaintiff-appellant.

Nelda Barrow Mickle, City Sol., for defendants-appellees.

Heard by SNELL, P.J., and SCHLEGEL and HAYDEN, JJ.

SNELL, Presiding Judge.

Plaintiff, Francis J. Picray, Jr., sought to appeal to the district court a decision of the Civil Service Commission. Pursuant to Iowa Code section 400.27, he filed a notice of appeal with the clerk of the district court within the thirty-day time limit from the date of filing of the commission's decision. On the 31st day following the date of filing of the commission's decision, the Sheriff of Polk County received a notice of appeal for service on the secretary of the Civil Service Commission. The sheriff accomplished this service on the 34th day. Defendants filed a special appearance to challenge the district court's jurisdiction. The district court sustained defendants' special appearance and dismissed the appeal. Relying on *Economy Forms Corp. v. Potts*, 259 N.W.2d 787 (Iowa 1977), the court found it did not have jurisdiction in the case because Iowa Code section 400.27 requires both filing with the clerk and service on the commission within thirty days from the date of filing the commission's decision. Plaintiff appeals the dismissal of his case.

The district court in this case did not have original jurisdiction; its jurisdiction in appeals "is wholly statutory and depends for its existence upon substantial compliance by the appealing party with statutory prerequisites." *Economy Forms Corp. v. Potts*, at 788. *See also Carmichael v. Iowa State Highway Commission*, 156 N.W.2d 332, 335 (Iowa 1968). Therefore, the trial court had jurisdiction in this case only if Picray substantially complied with the notice and service requirements of Iowa Code section 400.27, which states in pertinent part:

The city or any civil service employee shall have a right to appeal to the district court from the final ruling or decision of the civil service commission. The appeal shall be taken within thirty days from the filing of the formal decision of the commission....

The appeal to the district court shall be perfected by filing a notice of appeal with the clerk of the district court within the time herein prescribed and by serving notice thereof on the secretary of the civil service commission, from whose ruling or decision the appeal is taken.

Iowa Code § 400.27 (1983).

We do not find the case of *Economy Forms Corp. v. Potts* dispositive. That case determined that the Rules of Civil Procedure are not applicable to appeals to district court from the county board of review in tax assessment cases. The statute there considered, section 441.38, required written notice within twenty days to be served on the chairman of the board of review. The court held that filing with the clerk within twenty days did not satisfy the statutory requirement.

Here we have the question of statutory construction whether the phrase "within the time herein prescribed" which is thirty days, applies only to the filing of

the notice of appeal with the clerk or applies also to the requirement of serving notice on the secretary of the Civil Service Commission.

The Iowa Supreme Court has set forth the following principles to consider in interpreting a statute:

> It is our responsibility to ascertain and give effect to legislative intent. We must look to what the legislature said, rather than what it should or might have said. Words are given their ordinary meaning unless defined differently by the legislature or possessed of a peculiar and appropriate meaning in law.... Effect is to be given the entire statute. No court, under the guise of judicial construction, may add words of qualification to the statute in question or change its terms.... [I]n our search for legislative intent, we consider the objects sought to be accomplished as well as the language used and place upon the legislation under scrutiny a reasonable construction which will best effect its purpose.

*State v. Hesford*, 242 N.W.2d 256, 258 (Iowa 1976) (citations omitted).

In *In Appeal of Elliott*, 319 N.W.2d 244, the Supreme Court held that the service requirement of giving notice to the commission was not satisfied by mailed notice. In so holding, the court observed, "Obviously, the legislature knows how to make plain a requirement for notice by mail.... Similarly, it can be definite with respect to the personal service of a notice." *Id.* at 246. *See e.g. Harrington v. City of Keokuk*, 258 Iowa 1043, 1048, 141 N.W.2d 633, 636 (1966) (statute clearly requires written notice be served within thirty days); *Johnson v. Brooks*, 254 Iowa 278, 281–82, 117 N.W.2d 457, 459 (1962) (statute clearly requires notice to be mailed within ten days). Further, the location of the words "within the time herein prescribed," indicates that the reference is to the preceding requirement. The supreme court has stated that "[n]ormally, ... referential, relative, or qualifying words and phrases refer only to the immediately preceding antecedent .... Noticeably, this is due to both grammatical considerations and legal pronouncements." *State v. Lohr*, 266 N.W.2d 1, 3 (Iowa 1978).

We find the logic of these authorities applicable to this question. If the legislature had intended to require that the appeal be perfected only by completing service on the commission and filing with the clerk within the thirty-day time frame, it could have said so. It takes little drafting skill to have applied the time requirement to both the filing of notice and serving of notice. Yet it did not do so. We assume this was not without reason. Moreover, we seek not to add words of qualification under the guise of judicial interpretation. *Hesford* at 258.

REVERSED AND REMANDED FOR TRIAL.