Marwin G. BOGUE and Philip
Schendel, Appellees,

v.

AMES CIVIL SERVICE
COMMISSION, Appellant.

No. 84–1205.

Supreme Court of Iowa.

May 22, 1985.

John R. Klaus, Ames City Atty., for appellant.

John L. McKinney, Ames, for appellees.

Considered by UHLENHOPP, P.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

WOLLE, Justice.

In this appeal concerning a municipal hiring decision, we must decide whether the trial court erred in overturning a civil service commission decision after trying a certiorari action as a statutory appeal under Iowa Code section 400.27 (1983). We affirm. The certiorari action commenced by Marwin Bogue (Bogue) and Philip Schendel (Schendel) gave the court the necessary authority to hear and decide the pleaded substantive legal issues, and the court properly concluded that the Ames Civil Service Commission (commission) had committed errors of law in decertifying Bogue and Schendel, the only persons eligible to be selected for the position.

In January of 1983 the city of Ames solicited applicants from the general public to fill the position of assistant power plant superintendent. Long-time civil service employees Bogue and Schendel submitted applications, then completed a written examination and personal interview with city authorities. The commission placed both individuals on a list of qualified applicants. The commission simultaneously certified as eligible for the position one person who was not then employed by the city, Collin Engebretson. The city ultimately hired Engebretson. Bogue and Schendel then filed a complaint with the commission, alleging that it had contravened statutory authority by hiring an entry-level civil service applicant rather than promoting a qualified incumbent employee. *See* Iowa Code § 400.9(3) (1983):

Hereafter, all vacancies in the civil service grades above the lowest in each shall be filled by promotion of subordinates when such subordinates qualify

as eligible, and when so promoted, they shall hold such position with full civil service rights in the position.

Following a hearing, the commission determined that Bogue and Schendel lacked the requisite qualifications and should not initially have been certified as eligible for the position. The commission followed the recommendation of the director of the power plant and voted to remove their names from the list of qualified applicants.

Bogue and Schendel filed a petition for a writ of certiorari with the trial court, challenging the legality of the commission's actions in decertifying them and in hiring an "outside" applicant. The trial court, with express consent of the parties, treated the petition as a statutory appeal under Iowa Code section 400.27 and tried the case de novo as an action in equity. *See* Iowa Code § 400.27; *Sieg v. Civil Service Commission,* 342 N.W.2d 824, 826 (Iowa 1983); *Matter of Fairbanks,* 287 N.W.2d 579, 581 (Iowa 1980); *McCormack v. Civil Service Commission,* 315 N.W.2d 855, 857 (Iowa Ct.App.1981). The court concluded that the commission had erred in passing over qualified civil service employees in favor of Engebretson and in thereafter decertifying Bogue and Schendel.

On appeal the commission contends for the first time that the trial court lacked authority to decide the case. We first address the jurisdictional issue, then the question whether the civil service commission committed errors of law.

I. *Authority to Hear and Decide Case.*

A. *Statutory Appeal.* Section 400.27 (1983) provides in pertinent part:

The appeal to the district court shall be perfected ... by serving notice thereof on the secretary of the civil service commission from whose ruling or decision the appeal is taken.

The commission contends that the trial court did not acquire authority to decide the case under that statutory provision because Bogue and Schendel did not comply with its mandatory service requirements. Although they served the chairman of the commission in conformity with the require-

ments for service of notices in original actions, *see* Iowa R.Civ.P. 56(m), they did not serve the secretary of the commission as required by section 400.27.

■ Controlling Iowa precedent requires an appellant to comply substantially with the service provisions of section 400.27 in order to vest a district court with jurisdiction to decide an appeal from a civil service commission decision. *Appeal of Elliott,* 319 N.W.2d 244, 247 (Iowa 1982); *Picray v. City of Des Moines,* 348 N.W.2d 645, 646 (Iowa Ct.App.1984). The service Bogue and Schendel attempted was insufficient to give the district court authority to hear and decide this case as a statutory appeal. Moreover, the parties could not confer appellate jurisdiction upon the court by consenting to try the case as an appeal. *See City of Des Moines v. Des Moines Police Bargaining Unit Association,* 360 N.W.2d 729, 730 (Iowa 1985); *Molitor v. City of Cedar Rapids,* 360 N.W.2d 568, 569 (Iowa 1985).

■ B. *Authority to Proceed by Certiorari.* Although this case should not have been tried as a statutory appeal, the case need not now be dismissed. The petition for a writ of certiorari gave the trial court authority to hear and decide the pleaded legal issues in an original certiorari proceeding. A writ of certiorari will lie where an inferior board exercising judicial functions acts illegally, and illegality is established if a board has not acted in accordance with a pertinent statute. *Istari Construction, Inc. v. City of Muscatine,* 330 N.W.2d 798, 799 (Iowa 1983); *Norland v. Worth County Compensation Board,* 323 N.W.2d 251, 253 (Iowa 1982); *Dickinson Co. v. City of Des Moines,* 347 N.W.2d 436, 439 (Iowa Ct.App.1984); Iowa R.Civ.P. 306. Bogue and Schendel alleged in their certiorari petition that the commission contravened statutory authority by decertifying them and failing to promote one of them to assistant superintendent. *See* Iowa Code § 400.9(3) (1983). Those legal issues were properly raised by certiorari.

The commission argues that the exclusive remedy available to Bogue and Schendel was a statutory appeal pursuant to section 400.27, and in support of that argument the commission cites *Appeal of Elliott*, 319 N.W.2d 244 (Iowa 1982). *Elliott*, however, did not address the issue of exclusivity of remedy. It traced the history of judicial review of civil service commission decisions only to explain how "troublesome language relating to service of notice" cropped up in the statute. *Id.* ("Historically district court review of civil service commission decisions first was obtained through certiorari. The appeal procedure ... was added by amendment to the civil service chapter....") (citations omitted). Nothing in section 400.27 suggests that it was intended to be the exclusive method for obtaining review of commission decisions, and we find that it is an additional method, not a complete substitute for certiorari. The legislature knows how to make plain the exclusivity of a remedy. *See* Iowa Code § 17A.19:

> [T]he judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action.

No comparable provision accompanied the enactment of section 400.27. Further, Iowa Rule of Civil Procedure 308 provides:

> The writ [of certiorari] shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; but the relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of, unless otherwise specially provided by statute.

■ The availability of a section 400.27 appeal did not preclude Bogue and Schendel from proceeding with this certiorari action to challenge the legality of the commission's actions. *See City of Des Moines v. Civil Service Commission*, 334 N.W.2d 133 (Iowa 1983) (allowing certiorari action to challenge jurisdiction of commission); *cf. Hadjis v. Iowa District Court*, 275 N.W.2d 763, 764 (Iowa 1979) ("[W]hether or not it would be possible to consider the district associate court's orders by discretionary review is irrelevant to the issue of this court's certiorari jurisdiction."); *Collier v. Denato*, 247 N.W.2d 236, 238 (Iowa 1976) (certiorari proper method to challenge district court's overruling of motion to dismiss, even though there may exist another plain, speedy or adequate remedy); *Hitchcock v. Department of Public Safety*, 250 Iowa 1016, 1019–20, 98 N.W.2d 1, 2–3 (1959) (statute providing for appeal from decision suspending license does not preclude certiorari action). *But cf. McKeever v. Gerard*, 368 N.W.2d 116, 119 (Iowa 1985) (criminal defendant's request for deferred judgment waives right to raise trial court errors by appeal or by certiorari action).

C. *Standing.* The commission also argues that Bogue and Schendel lacked standing to bring an action in district court to challenge the commission's actions, because they did not meet minimum qualifications for the position of assistant power plant superintendent. In support of its position, however, the commission cites only one case, *City of Des Moines v. Public Employment Relations Board*, 275 N.W.2d 753, 759 (Iowa 1979). There, we applied the standing requirements of Iowa Code section 17A.19(1), the Iowa Administrative Procedure Act, requiring that the person seeking judicial review show (1) a specific personal and legal interest in the subject matter of the agency decision and (2) a specific and injurious effect on this interest by the decision. *Id.; see Iowa-Illinois Gas & Electric Co. v. Iowa State Commerce Commission*, 347 N.W.2d 423, 426 (Iowa 1984).

■ First, we note that the Iowa Administrative Procedure Act governs only actions of state agencies, not the actions of local boards. Iowa Code § 17A.2(1) (defining "agency"); *see Downs v. Board of Trustees of Police Retirement System*, 312 N.W.2d 563, 565 (Iowa 1981); *Benson v. Fort Dodge Police Pension Board*, 312 N.W.2d 548, 550 (Iowa 1981).

Even if the same standing requirements apply to this certiorari action, an issue we need not decide, Bogue and Schendel clearly satisfy those requirements. Both Bogue and Schendel are job applicants with a substantial and personal interest in the city's hiring decision; both were initially certified by the commission as eligible for the position; and the hiring of Engebretson had a specific and injurious effect on their interest in being selected for the job. There is no merit to the commission's position on standing.

II. *Review of the Trial Court's Decision.*

■ A. *Retrial is Unnecessary.* In a certiorari action the district court is limited to deciding whether the lower tribunal exceeded its jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306. In resolving such questions, the district court may examine the evidence compiled before the lower tribunal and may take such additional evidence as is necessary to determine whether it acted illegally. Iowa R.Civ.P. 315. An appeal under section 400.27, in contrast, requires a district court to try the case de novo as it did here. *See Sieg v. Civil Service Commission,* 342 N.W.2d at 827; *McCormack v. Civil Service Commission,* 315 N.W.2d at 857.

■ Although the trial court should have tried this case as a certiorari action at law rather than as a statutory de novo appeal, circumstances peculiar to this case make a retrial unnecessary. The substantive legal issues framed by the certiorari petition and the commission's answer are not different than those addressed and decided in the appeal proceeding. Moreover, the parties conceded during oral argument that their presentation of evidence would have been the same if the action had been tried as a certiorari proceeding at law rather than as a statutory appeal, and the trial court's findings did not differ markedly from the facts relied upon by the commission. The trial court answered two questions of law: it found that the commission had no valid grounds for decertifying Bogue and Schendel, and it decided that Bogue and Schendel, but not Engebretson, were eligible to be selected for the job pursuant to Iowa Code section 400.9(3) (1983). The trial court would have answered these legal questions no differently had it tried the case as an original certiorari proceeding. We therefore may review· the court's final legal determinations as though the case had been tried as a certiorari action rather than as a statutory appeal.

B. *Decertification was Unwarranted.* Bogue and Schendel were initially certified by the commission as persons who were eligible for the position based on the job qualifications prescribed by the city. There is no dispute that the requisite qualifications were those set forth in the city's posted job description:

Completion of college level courses in mechanical or electrical engineering, six years of experience in the operation and maintenance of a steam electric generating plant, one of which must have been in a supervisory capacity; *or an equivalent combination.*

(Emphasis added.)

Although Bogue and Schendel had not completed college level engineering programs, they both had completed other educational programs relating to the operation of a power plant and had many years of experience. It is clear that both were properly certified because they met the test of having "an equivalent combination" of education and experience.

After Engebretson had been hired, Bogue and Schendel were decertified by the commission solely because the city's electric utilities director requested decertification. Neither that director nor the commission had any more information about Bogue and Schendel at that time than at the time the commission had initially certified them to be eligible. Moreover, their names were decertified without prior hearing or notice to either of them. Although the commission argues that neither Bogue nor Schendel had taken college level engineering courses, it has no answer to their show-

ing that they satisfied the "equivalent combination" test.

The record provides a rational basis for the commission's initial decision to certify Bogue and Schendel as eligible, for both had a satisfactory combination of education and experience for the position. The record provides neither substantial evidence nor any rational basis for the subsequent decertification. The trial court correctly found that the commission erred in decertifying Bogue and Schendel.

C. *Only Bogue and Schendel were Eligible for the Job.* With Bogue and Schendel properly certified as eligible for the job, the commission was without authority to certify as eligible the applicant Engebretson who was not then an employee of the city. Iowa Code section 400.9(3) (1983) unequivocally provided that civil service vacancies "shall be filled by promotion of subordinates when such subordinates qualify as eligible," and this position was clearly such a vacancy.

The commission contends the assistant power plant superintendent is an administrative assistant to the city manager and thus exempt from civil service by reason of Iowa Code section 400.6(1)(a) which exempts the "city manager and administrative assistants to the manager." Perhaps the city could have placed the responsibilities of this power plant job under the city manager's direct supervision, but the record shows it never had done so. The trial court aptly noted that "the commission has for many years consistently treated the assistant superintendent's position as a promotion from the jobs presently held by Bogue and Schendel." When the city posted this job vacancy, with its requisite qualifications, and when the commission then certified Bogue and Schendel as eligible for the position, the city could not properly reclassify the job to remove it from the reach of civil service and the requirements of section 400.9(3). Only Bogue and Schendel were qualified for appointment to the position.

We affirm the trial court's decisions on the legal issues presented in this certiorari action. On remand the trial court shall amend its final dispositive order by granting the relief appropriate in this certiorari action.

AFFIRMED AND REMANDED.