**Keith F. BURNAM and W. Joy Burnam, Appellants,**

**v.**

**BOARD OF REVIEW OF DAVIS COUNTY, Appellee.**

No. 92–1598.

Supreme Court of Iowa.

June 16, 1993.

Gayla R. Harrison of Johnson, Hester & Walter, Ottumwa, for appellants.

R. Kurt Swain, County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

This case involves Keith and Joy Burnam's attempt to perfect an appeal from the Davis County Board of Review's tax assessment of their property. The district court dismissed the action on the ground the Burnams failed to file a written notice of appeal. The court determined it lacked jurisdiction because Iowa Code section

441.38 (1991) requires the filing of a "written notice of appeal" to perfect an appeal from a tax assessment. The plaintiffs now appeal to this court. They claim the district court erred in holding the filing of their petition was not in substantial compliance with the requirements of section 441.38.

The facts are not disputed. In 1992, the Davis County assessor notified Keith and Joy Burnam the assessed value of their property was being increased. The Burnams filed a protest with the board of review, claiming the assessor erred in valuing portions of their property. With minor adjustments, the board upheld the assessment.

The Burnams then attempted to appeal from the board's decision. They filed a petition with the district court naming the board as the defendant. They also served an original notice on the chairman of the board.

The board moved to dismiss the action. It alleged the Burnams failed to file a written notice of appeal as required by section 441.38. While noting the petition appeared to be an appeal from the board of review, the district court granted the motion. Without a written notice of appeal, the court determined it lacked jurisdiction to entertain the Burnams' claims.

On appeal, the Burnams claim the filing of the petition and the service of the original notice substantially complied with section 441.38. They claim the purpose of the "written notice of appeal" requirement was to ensure the board received notice a party was appealing from an adverse tax assessment. They claim their petition put the board on notice they were appealing from the tax assessment of their property.

■ Review of a court decree in a tax protest proceeding is ordinarily de novo. *Cowles Communications v. Board of Review*, 266 N.W.2d 626, 634 (Iowa 1978). Because this appeal involves a question of statutory interpretation, however, our review is for correction of errors at law. *BHC Co. v. Board of Review*, 351 N.W.2d 523, 524 (Iowa 1984).

Section 441.38 allows a party to appeal a board of review's tax assessment to the district court. The appeal must be taken within twenty days after the board's adjournment or May 31, whichever date is later. Iowa Code § 441.38. Such an appeal is considered taken by "filing a written notice of appeal with the clerk of district court." *Id.* Filing of the written notice of appeal "shall preserve all rights of appeal of the appellant." *Id.*

■ The district court's jurisdiction of appeals from the board of review is wholly statutory and depends for its existence upon substantial compliance with statutory prerequisites. *Economy Forms Corp. v. Potts*, 259 N.W.2d 787, 788 (Iowa 1977). Thus, the question is whether the filing of the petition instead of a "written notice of appeal" substantially complied with the requirements of section 441.38. Substantial compliance is "compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Superior/Ideal, Inc. v. Board of Review*, 419 N.W.2d 405, 407 (Iowa 1988).

■ It is undisputed that the Burnams filed the petition and served the original notice within the twenty-day time limitation. The Burnams' petition requested that the actions of the board of review be reversed. The petition clearly stated the alleged errors in the board's tax assessment. The district court noted that "on its face" the petition appeared to be an appeal from the board's tax assessment.

We believe the Burnams' petition contained the essential matters necessary to assure the reasonable objectives of section 441.38. It put the board on notice that the Burnams were appealing from its tax assessment. It also put the board on notice of the alleged errors in the assessment. Thus, we conclude the Burnams substantially complied with section 441.38 and successfully perfected their appeal from the board's tax assessment.

Accordingly, we reverse the judgment of the district court and remand the case for

further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**