# IN THE COURT OF APPEALS OF IOWA

No. 22-1619
Filed September 13, 2023

**EMILIO PUENTE,**
    Plaintiff-Appellant,

**vs.**

**CIVIL SERVICE COMMISSION OF IOWA CITY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros, Judge.

Emilio Puente appeals the dismissal of his petition for judicial review challenging a decision of the civil service commission. **AFFIRMED.**

Peter M. Sand, West Des Moines, for appellant.

Elizabeth Craig and Jennifer L. Schwickerath, Assistant City Attorneys, Iowa City, for appellee.

Considered by Bower, C.J., and Badding and Buller, JJ.

**BADDING, Judge.**

Is a petition for judicial review the same thing as the notice of appeal under Iowa Code section 400.27(4) (2022)? Or can it be construed in that way to confer appellate jurisdiction on the district court? We conclude the answer to both questions is no, and we affirm the court's decision dismissing Emilio Puente's petition for judicial review against the Civil Service Commission of Iowa City for lack of jurisdiction.

## I.      Background Facts and Proceedings

On May 31, 2022, Puente filed a pleading captioned "Petition for Judicial Review" that sought "judicial review of a ruling made by the civil service commission of Iowa City on or about May 5, 2022." The first paragraph of the petition stated venue was "proper under Iowa Code 17A.19(2)." The petition then alleged Puente, a former peace officer for the city, submitted a letter of resignation on February 3, 2022. But, according to the petition, "the resignation was coerced and is therefore invalid, or that he was constructively discharged."[1]

The petition further alleged that on April 13, Puente sent the city a letter asking that his resignation be rescinded and his employment reinstated. The city refused on April 15. Puente accordingly filed a complaint with the commission on April 27 "to review the refusal to rescind the letter of resignation" and "reinstate his employment after a hearing on the merits." The city moved to dismiss the complaint as untimely because "it was made more than 14 days beyond February

---

[1] The petition also alleged Puente initiated a separate action for constructive discharge and contemplated seeking "either consolidation of this petition with the pending action in equity" or a "stay of this judicial review pending the outcome of the equity petition."

3," when Puente tendered his resignation. *See* Iowa Code § 400.20. The minutes of the May 5 meeting of the commission, which were attached to the petition, show the commission voted to dismiss the complaint.

Close to one month after Puente filed his petition, he filed a proof of service stating "that the original notice and petition in this matter were served by certified mail in accordance with Iowa Code 17A.19(2)." Postal receipts were attached to the proof of service, showing the mail was addressed to the commission and an assistant city attorney and delivered to them on June 9. A few weeks later, the commission moved to dismiss the petition for lack of jurisdiction due to Puente's failure to timely serve a notice of appeal of the commission's decision as required by Iowa Code section 400.27(4). The commission argued service by mail cannot confer jurisdiction under chapter 400. *See In re Elliott*, 319 N.W.2d 244, 247 (Iowa 1982) (finding service by mail is not sufficient "to vest appellate jurisdiction in the district court" under section 400.27). And the commission pointed out that Puente never filed a notice of appeal at all. Instead, he petitioned for judicial review under chapter 17A, which the commission argued "is not the appropriate legal process for challenging a decision" of the commission.

In an attempt to fix the service issues, Puente filed a return of service showing that the sheriff served the original notice and petition on a city employee in human resources on July 5. Puente then filed a resistance to the commission's motion, again characterizing the action as seeking judicial review of the commission's decision. He argued that service of the petition and original notice on the commission was timely under Iowa Rule of Civil Procedure 1.302(5) and that he complied with section 400.27(4) because the "action for judicial review"

was filed "within the time prescribed," with personal service on the commission "as required by the rules." In reply, the commission repeated that Puente had not filed a notice of appeal as required by section 400.27(4) and his petition for judicial review should not be construed as one. As a result, the commission contended the action should be dismissed for lack of jurisdiction. In any event, the commission argued Puente never accomplished timely service on the correct person—the clerk of the civil service commission. *See* Iowa Code § 400.27(4). After this error was pointed out to him, Puente secured an acceptance of service from the commission clerk on July 26.

In its ruling, the district court observed that Puente never filed the notice of appeal required by section 400.27 and only sought relief under chapter 17A—even in his resistance to dismissal. The court found that chapter 17A is "not applicable when a city police officer is challenging his termination from employment." Instead, the court concluded, chapter 400 provides the means to challenge the action of a local civil service commission. And because Puente did not file a notice of appeal with the clerk of the district court or serve one on the commission clerk, the court found he did not substantially comply with section 400.27(4). As a result, the court granted the commission's motion to dismiss for lack of jurisdiction.

Puente filed a rule 1.904(2) motion asserting for the first time that his petition for judicial review should be construed as a notice of appeal. Alternatively, he asked to amend the title of the petition "from 'Petition for Judicial Review' to 'Notice of Appeal.'" The court denied the motion, and this appeal followed.

## II.     Standard of Review

We review a district court's ruling on a motion to dismiss for lack of jurisdiction for correction of errors at law.  *See Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 653 (Iowa 2019).

## III.     Analysis

Before getting to the central question on appeal, we dispose of some throw-away claims made by Puente.  The first is his suggestion that the court was not "clear regarding the exact jurisdictional basis" on which dismissal was granted.  We summarily reject this claim.  The court was very clear that it lacked jurisdiction due to the absence of a notice of appeal, which is required by section 400.27(4).  And the law is clear that the requirements of section 400.27 are jurisdictional.  *See Bogue v. Ames Civ. Serv. Comm'n*, 368 N.W.2d 111, 113 (Iowa 1985) ("Controlling Iowa precedent requires an appellant to comply substantially with the service provisions of section 400.27 in order to vest a district court with jurisdiction to decide an appeal from a civil service commission decision."); *Picray v. City of Des Moines*, 348 N.W.2d 645, 646 (Iowa 1984) ("The district court in this case did not have original jurisdiction; its jurisdiction in appeals 'is wholly statutory and depends for its existence upon substantial compliance by the appealing party with statutory prerequisites.'" (citation omitted)).

Next, Puente argues dismissal of a case is only authorized "for very limited reasons," like failure to state a claim upon which relief may be granted, and "[t]his was not such a case."  But lack of subject-matter jurisdiction, upon which the court granted dismissal, *is* one of the bases for dismissal.  Iowa R. Civ. P. 1.421(1)(a).  So this argument does not get Puente anywhere.

Finally, Puente complains the court granted dismissal on a ground that the commission did not raise. Yet Puente acknowledges the commission's motion to dismiss noted that he did not file a notice of appeal. And, either way, Puente also acknowledges this is a question of subject matter jurisdiction. Because subject matter jurisdiction "cannot be waived by consent, waiver, or estoppel," *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993), its absence "may be raised at any time, including on the court's own motion." *Friends of Bunker Mill Bridge, Inc. v. Washington Cnty. Bd. of Supervisors*, No. 18-0476, 2019 WL 3945965, at *1 (Iowa Ct. App. Aug. 21, 2019); *accord AJR Peakview, Inc. v. First Bank of Neb.*, No. 16-1845, 2018 WL 542706, at *2 n.1 (Iowa Ct. App. Jan. 24, 2018) ("[T]he question of whether the district court had subject-matter jurisdiction is not limited to only those arguments explicitly raised by a party, as the court may raise the issue sua sponte."). Indeed, "[w]hen the court's power to proceed is at issue, the court has the *power* and *duty* to determine whether it has jurisdiction of the matter presented." *State v. Lasley*, 705 N.W.2d 481, 486 (Iowa 2005) (citation omitted).

With those non-starters out of the way, we turn to that key jurisdictional question. As noted above, "[u]nder section 400.27 a district court acquires appellate jurisdiction only when the appellant substantially complies with its provisions." *Elliott*, 319 N.W.2d 244, 248 (Iowa 1982); *accord Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 420 (Iowa 1994) ("Historically, we have distinguished cases involving a district court's appellate jurisdiction from those invoking its original jurisdiction. Where a party attempts to invoke the district court's appellate jurisdiction, compliance with statutory conditions is required for the court to acquire jurisdiction."). Iowa Code section 400.27(4) provides:

> The appeal to the district court shall be perfected *by filing a notice of appeal* with the clerk of the district court within the time prescribed in this section and by serving notice of appeal on the clerk of the civil service commission, from whose ruling or decision the appeal is taken.

(Emphasis added.) Puente claims the court should have either construed his petition as a notice of appeal or he should have been granted leave to amend the title of the petition. We disagree on both counts.

On the first, Puente argues it was "an error of law for the lower court *not* to consider the pleading to be an appeal of the civil service commission." He submits the failure to do so "would mark the ultimate in form over substance." It's true that, generally, courts will not exalt form over substance. *See, e.g.*, *First Nat'l Bank of Glidden v. Matt Bauer Farms Corp.*, 408 N.W.2d 51, 54 (Iowa 1987). Yet even the substance of the petition sought judicial review under chapter 17A.

Still, Puente argues that "an appeal is to seek judicial review." But judicial review under chapter 17A "is a special proceeding" and "is in all respects dependent upon the statutes [that] authorize its pursuit." *Anderson*, 524 N.W.2d at 420 n.1. As we recently reiterated, chapter 17A "does not apply to municipal administrative bodies." *Mensen v. Cedar Rapids Civ. Serv. Comm'n*, No. 21-0410, 2022 WL 2160679, at *3 (Iowa Ct. App. June 15, 2022); *see also* Iowa Code §§ 17A.1(2) ("This chapter is intended to provide a minimum procedural code for the operation of all *state agencies* when they take action affecting the rights and duties of the public." (emphasis added)); .2(1) ("'Agency' does *not* mean . . . a political subdivision of the state or its office and units." (emphasis added)). Proceedings under chapter 17A are, as the commission points out on appeal, different in kind than the statutory appeal procedure set out in section 400.27.

For one, the two proceedings are initiated differently, with different venue provisions and, as Puente discovered, different service requirements. *Compare* Iowa Code § 17A.19(2), *with id.* § 400.27(4). They also have different standards and scopes of review. Under section 17A.19(10), the "standard of review depends on the aspect of the agency's decision that forms the basis of the petition for judicial review." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 256 (Iowa 2012) (discussing the different standards under section 17A.19(10)). But under section 400.27(3), "[t]he scope of review for the appeal shall be limited to de novo appellate review." And that de novo appellate review is one "without a trial or additional evidence," Iowa Code § 400.27(3), unlike section 17A.19(7), which allows the court to "hear and consider such evidence as it deems appropriate" in some cases.

Puente faults the commission for failing to cite "a case supporting a view that the word 'appeal' is indispensable to subject matter jurisdiction." But he doesn't cite any cases supporting his argument that a petition for judicial review is equivalent to, or should be construed as, the notice of appeal required by section 400.27. The closest case on point that we have been able to find is *Bogue*, which considered whether the district court had jurisdiction to proceed under section 400.27 when the civil service employees filed a petition for writ of certiorari, rather than a notice of appeal. 368 N.W.2d at 113. Even though the parties agreed the trial court could "treat[] the petition as a statutory appeal under Iowa Code section 400.27," the supreme court found that was improper because of a defect in service. *Id.* ("[T]he parties could not confer appellate jurisdiction upon the court by consenting to try the case as an appeal."). The court nevertheless held that because the employees' petition alleged the commission's decision "contravened

statutory authority," they could challenge the legality of that decision through the certiorari procedure. *Id.* ("A writ of certiorari will lie where an inferior board exercising judicial functions acts illegally, and illegality is established if a board has not acted in accordance with a pertinent statute."). *But see Van Baale v. City of Des Moines*, 550 N.W.2d 153, 156 (Iowa 1996) ("[W]e think chapter 400 proceedings must be considered the exclusive means of challenging the arbitrariness of a civil service employee's discharge.").[2]

Importantly, the court in *Bogue* did not find the petition for writ of certiorari was the same as the notice of appeal required under section 400.27. 368 N.W.2d at 114. Instead, the employees' challenge to the commission's decision was allowed to go forward under the separate certiorari procedure. *Id.* For the reasons stated above, judicial review under section 17A.19 is unavailable to Puente. So *Bogue* does not help Puente.

Nor does the supreme court's decision in *Cooksey v. Cargill Meat Solutions Corp.,* 831 N.W.2d 94 (Iowa 2013), which Puente argues "command[s] directly the reversal of the decision below in this case."[3] The court in *Cooksey* was concerned with "whether the failure of a party to list the Employment Appeal Board (EAB) as a respondent in the caption of a petition for judicial review of the final agency decision is fatal." 831 N.W.2d at 96. After surveying cases with similar errors, the

---

[2] *Van Baale* was abrogated on other grounds by *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017). *Godfrey* has since been overruled and the law as it existed before it restored. *See Burnett v. Smith*, 990 N.W.2d 289, 291 (Iowa 2023).

[3] Puente also cites *Jacobs v. Iowa Department of Transportation*, 887 N.W.2d 590, 591 (Iowa 2016), which considered the timeliness of a petition for judicial review that had been electronically submitted on the last day for appeal under the statute but returned by the clerk the next morning due to errors on the cover sheet. We do not find that case applicable to the question presented here.

court found the defect was not fatal because the agency was named in the body of the petition. *Id.* at 104. The court reasoned "the law in Iowa for decades traditionally has sought to avoid highly technical requirements that might serve no useful purpose and yet deprive parties of their day in court." *Id.* at 103. Yet, and this is the part that Puente glosses over, "we must recognize that courts must follow jurisdictional mandates imposed by valid statutes." *Id.* at 103–04. Requiring Puente to file the notice of appeal required by section 400.27, rather than a wholly different pleading like his petition for judicial review, is not a highly technical requirement. *See id.* at 110 (Mansfield, J., dissenting) (favoring "the view that cases should not be decided on technicalities," but noting that lawyers "know what it means to 'name' an agency as a 'respondent'"); *see also Jensen v. Olson*, No. 21-0204, 2022 WL 122363, at *2 (Iowa Ct. App. Jan. 12, 2022) (finding landowners' "failure to pursue the statutory appeal route" under Iowa Code section 468.83 required dismissal of their petition for declaratory judgment challenging the validity of actions taken by a drainage district's trustees).

Lastly, Puente claims the court abused its discretion "in refusing to allow re-styling of petition." But Puente's rule 1.904 motion only asked to change the title of the pleading, not its substance. So even if Puente's belated request had been granted, the substance of the pleading was still one for judicial review under chapter 17A. We accordingly find no abuse of discretion in the court's denial of Puente's request.

## IV. Conclusion

Because a petition for judicial review under Iowa Code chapter 17A is not the same as a notice of appeal under section 400.27, nor can it be construed as

such, we affirm the district court's ruling granting the commission's motion to dismiss for lack of jurisdiction.

**AFFIRMED.**