# IN THE SUPREME COURT OF IOWA

No. 22–1619

Submitted April 11, 2024—Filed May 17, 2024

EMILIO PUENTE,

    Appellant,

vs.

CIVIL SERVICE COMMISSION OF IOWA CITY,

    Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros, Judge.

A police officer seeks further review of a court of appeals decision affirming the dismissal of his appeal from a civil service commission decision. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Oxley, J., delivered the opinion of the court, in which all justices joined.

Peter M. Sand, West Des Moines, for appellant.

Elizabeth J. Craig and Jennifer L. Schwickerath, Assistant City Attorneys, Iowa City, for appellee.

**OXLEY, Justice.**

Emilio Puente, a police officer for the City of Iowa City (the City), resigned from his position and then tried to rescind the resignation. When the City rejected his attempted rescission, he filed an action with the Civil Service Commission of Iowa City (Commission) for review of the City's refusal to reinstate him. When that was denied, he sought review in district court by filing what he styled a "petition for judicial review." Iowa Code chapter 400 (2022) governs a civil service employee's appeal of an employment decision by a civil service commission, including police officers. The employee must "fil[e] a notice of appeal with the clerk of the district court" to invoke the district court's jurisdiction. *Id.* § 400.27(4). The district court concluded Puente's "petition for judicial review" was not a "notice of appeal" as required by Iowa Code § 400.27 and dismissed for lack of jurisdiction.

We agree with Puente that he substantially complied with the requirements for filing a notice of appeal from the Commission's decision to the district court, and we reverse the district court's dismissal.

I.

From April 2019 to February 2022, Emilio Puente worked as a police officer for the City. On February 3, Puente submitted a letter of resignation. He later claimed that he was either coerced to resign or that the resignation was the result of constructive discharge. On April 13, Puente's counsel submitted a letter to the City requesting that it rescind the resignation and reinstate Puente. The City denied the request two days later.

In Iowa, civil service employees who are "removed, discharged, demoted, or suspended" are entitled to "request a hearing before the civil service commission" to review a decision made by an appointing authority. *Id.* § 400.18(2). Hearing requests must be submitted "within fourteen calendar days after the removal,

discharge, demotion, or suspension." *Id.* § 400.20. Puente filed a complaint with the Commission on April 27, 2022, requesting it review the City's decision not to rescind his resignation. The Commission held a hearing on May 5, and the City moved to dismiss Puente's complaint as untimely since the April 27 complaint was well beyond fourteen days past his February 3 resignation. Puente resisted, disputing the applicability of the fourteen-day rule. He argued the rule only applies "after [a] removal, discharge, demotion, or suspension," *id.*, the City had not taken any of those actions against him on February 3, and the fourteen-day period should run from April 15—the date the City denied his request to rescind the purported letter of resignation. The Commission agreed with the City and dismissed Puente's complaint.

Puente filed a petition for judicial review in the Johnson County District Court on May 31, attaching the minutes of the Commission's May 5 hearing that reflected its decision to dismiss his complaint. He delivered a copy of the petition and an original notice by certified mail to the Commission and to the City Attorney's office on June 9.

The Commission filed a motion to dismiss on June 29, arguing that "the district court lacks jurisdiction due to Appellant Puente's failure to serve a notice of appeal as required by Iowa Code Section 400.27." The Commission argued "[p]reliminarily" that Puente apparently relied on Iowa Code section 17A.19 to file a petition for judicial review rather than a notice of appeal and that section 17A.19 does not provide the proper statutory framework for challenging a decision of a civil service commission. The Commission then argued that "[e]ven liberally construing the Petition for Judicial Review as a Notice of Appeal, his action should still be dismissed for lack of jurisdiction" because Puente mailed the petition and original notice to the Commission and the City Attorney's office but did not personally serve the clerk of the civil service commission as required by

section 400.27(4). The Commission argued that service by mail did not comply with the service required by Iowa Code section 400.27, citing *In re Appeal of Elliott*, 319 N.W.2d 244, 247 (Iowa 1982) ("[W]hen a statute provides a notice of appeal shall be 'served' there is required an actual delivery to the person to be served, not a delivery by mail.").

Following the Commission's motion, Puente engaged the Johnson County Sheriff to personally serve the petition on the Commission. The sheriff filed a return of service on July 6, stating that the petition was personally served on July 5 by serving Tracey Robinson, identified as "HR Generalist." In addition, the city clerk filed an acceptance of service "as clerk to the Civil Service Commission" dated July 26.

In his July 7 resistance to the Commission's motion to dismiss, Puente quoted Iowa Code section 400.27(4): "The appeal to the district court shall be perfected by filing a notice of appeal with the clerk of the district court within the time prescribed in this section and by serving notice of appeal on the clerk of the civil service commission, from whose ruling or decision the appeal is taken." He then argued he met those requirements because "[h]e filed this action for judicial review within the time prescribed, and he accomplished personal service of the action on the civil service commission as required by the rules." Puente challenged the Commission's reading of section 400.27(4) as requiring service in the same thirty-day time period required for filing the notice of appeal. Puente argued that because section 400.27(4) does not provide a time for service, the court should look to the ninety-day period in Iowa Rule of Civil Procedure 1.302(5) for serving original notices. He also distinguished *Elliott*, where service was insufficient because no attempt was ever made for personal service.

The district court agreed with Puente that section 400.27(4) does not require service within thirty days of the commission's decision. It also rejected the

Commission's attempt to rely on the ten-day period contained in Iowa Code section 17A.19(2) since that provision does not apply to an appeal of a civil service commission decision under Iowa Code section 400.27. The district court recognized that the ninety-day period in "Rule 1.302(5) seems to be the only answer," such that service was timely perfected at least by July 26—fifty-six days after filing the petition. *See* Iowa R. Civ. P. 1.302(5) (requiring service of an original notice "within 90 days after filing the petition"). Nonetheless, the district court concluded that Puente's "petition for judicial review" failed to comply with the requirement to file a "notice of appeal" where the petition cited section 17A.19(2) and never mentioned the word "appeal." It therefore granted the Commission's motion to dismiss.

Puente filed a rule 1.904(2) motion to reconsider, arguing that seeking "judicial review" was the same thing as filing an appeal. Alternatively, he sought "leave to simply change the title of that filing from 'Petition for Judicial Review' to 'Notice of Appeal.' " The district court rejected Puente's rule 1.904(2) motion, reiterating its former conclusion that filing a petition for judicial review cannot be construed as a notice of appeal where the petition "does not include the word appeal, and it was brought solely pursuant to the provisions of Iowa Code chapter 17A."

Puente appealed, we transferred the case to the court of appeals, and that court affirmed. The court of appeals relied on the differences between a chapter 17A proceeding and an appeal under section 400.27 to conclude that the petition for judicial review could not be deemed a notice of appeal. The court of appeals noted that the two are initiated differently, have different venue provisions and service requirements, and have different standards and scopes of review.

We granted further review to determine whether Puente substantially complied with the requirements of section 400.27 to invoke the district court's jurisdiction.

## II.

We review district court rulings on motions to dismiss for corrections of error at law. *Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 653 (Iowa 2019). Under this standard, we are "not bound by the district court's conclusions of law or application of legal principles." *Shams v. Hassan*, 829 N.W.2d 848, 853 (Iowa 2013).

A district court does not have original jurisdiction to review a decision of a civil service commission. Rather, its jurisdiction is wholly statutory. *See* Iowa Code § 400.27(3) ("The city or any civil service employee shall have a right to appeal to the district court from the final ruling or decision of the civil service commission."). The appeal is "perfected by filing a notice of appeal with the clerk of the district court within the time prescribed in [section 400.27] and by serving notice of appeal on the clerk of the civil service commission, from whose ruling or decision the appeal is taken." *Id.* § 400.27(4).

In similar situations, we have said that the district court's jurisdiction "depends for its existence upon *substantial compliance* with statutory prerequisites." *Burnam v. Bd. of Rev.*, 501 N.W.2d 553, 554 (Iowa 1993) (per curiam) (emphasis added) (addressing appeal of a property tax assessment from the Davis County Board of Review under Iowa Code section 441.38). "Substantial compliance is 'compliance in respect to essential matters necessary to assure the reasonable objectives of the statute.' " *Id.* (quoting *Super./Ideal, Inc. v. Bd. of Rev.*, 419 N.W.2d 405, 407 (Iowa 1988)); *see also Ortiz*, 928 N.W.2d at 653–54 (applying substantial compliance doctrine to hold that emailing a copy of a petition for

judicial review to counsel for all parties substantially complied with the jurisdictional requirement in Iowa Code section 17A.19(2) to timely serve parties by mail); *Picray v. City of Des Moines*, 348 N.W.2d 645, 646 (Iowa Ct. App. 1984) (holding that jurisdiction in civil service appeal "is wholly statutory and depends for its existence upon substantial compliance by the appealing party with statutory prerequisites" (quoting *Econ. Forms Corp. v. Potts*, 259 N.W.2d 787, 788 (Iowa 1977))).

The issue here is not whether Puente may proceed under chapter 17A for a review of the Commission's decision. He may not. *See* Iowa Code § 17A.19 ("[T]he judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by *agency action* may seek judicial review of such agency action." (emphasis added)); *see also id.* § 17A.2(1) (" 'Agency' does not mean . . . a political subdivision of the state or its offices and units." (emphasis omitted)). Rather, commission decisions are reviewed pursuant to Iowa Code section 400.27 as an appeal to the district court. *Id.* § 400.27(3); *see also Bogue v. Ames Civ. Serv. Comm'n*, 368 N.W.2d 111, 114 (Iowa 1985) ("Nothing in section 400.27 suggests that it was intended to be the exclusive method for obtaining review of commission decisions, and we find that it is an additional method, not a complete substitute for certiorari."). True, Puente must satisfy all the requirements of section 400.27 to invoke the district court's jurisdiction. *See Ortiz*, 928 N.W.2d at 653 ("[T]he substantial-compliance doctrine . . . cannot be applied to change the jurisdictional requirement."); *Bogue*, 368 N.W.2d at 114–15 (holding that district court erred in construing petition for certiorari as an appeal under section 400.27, despite parties' agreement, where jurisdiction could not be conferred by consent of the parties and service did not comply with statutory requirement to serve the secretary of the commission). But if he did substantially comply with the requirements of section 400.27

to appeal the Commission's decision, then the district court should have treated it as such and proceeded to review the action as an appeal of the Commission's decision.

There are two requirements for perfecting an appeal from a commission decision: (1) filing a notice of appeal within thirty days from the filing of the formal decision of the commission in the district court for the county in which the city is located and (2) serving the notice on the clerk of the civil service commission from whose decision the appeal is taken. Iowa Code § 400.27(3)–(4). Service must be by personal service, *see Elliott*, 319 N.W.2d at 246 (holding service requirement was not satisfied by mailed notice), but section 400.27 does not provide a timeframe for effecting service, *see Picray*, 348 N.W.2d at 647 ("If the legislature had intended to require that the appeal be perfected only by completing service on the commission and filing with the clerk within the thirty-day time frame, it could have said so.").

While Puente initially attempted to serve process by certified mail, he eventually effected personal service on the clerk of the Commission at least by July 26, which was fifty-six days after he filed the petition in district court. The personal service satisfied the requirements of *Elliott* and, absent a specific timeframe for service in section 400.27, the service was timely. *See Elliott*, 319 N.W.2d at 246; *Picray*, 348 N.W.2d at 647. Thus, the only issue is whether Puente's filing satisfied the requirement to file a "notice of appeal" where the filing was instead styled as a "petition for judicial review."

On this issue, the circumstances here are indistinguishable from the circumstances in *Burnam v. Board of Review*, 501 N.W.2d 553. Like judicial review of a civil service commission decision, review of a county board of review's tax assessment "requires the filing of a 'written notice of appeal' to perfect an appeal from a tax assessment." *Id.* at 553–54 (quoting Iowa Code § 441.38). In *Burnam*,

the taxpayers "filed a petition with the district court naming the board as the defendant" and "served an original notice on the chairman of the board." *Id.* at 554. The district court granted the board's motion to dismiss because Burnam filed a petition rather than a notice of appeal. *Id.* We summarily reversed that dismissal. *Id.* at 554–55. In concluding that the petition substantially complied with the requirements for filing a notice of appeal under section 441.38, we noted that the "petition requested that the actions of the board of review be reversed" and it "clearly stated the alleged errors in the board's tax assessment." *Id.* at 554. Thus, the "petition contained the essential matters necessary to assure the reasonable objectives of section 441.38" even though it did not include the word "appeal," instead identifying the board of adjustment as the defendant in a filing delineated as a petition. *Id.*

Here, Puente filed a document with the District Court for Johnson County styled as a "petition for judicial review." The filing named the Commission as the respondent, stated that "Petitioner . . . seeks judicial review of a ruling made by the civil service commission of Iowa City," and attached a copy of the commission's minutes reflecting its ruling. In his petition, Puente provided a brief description of the proceedings before the Commission and the basis for his claim that the Commission erred in its decision. If anything, Puente's petition comes closer to a notice appeal than the petition in *Burnam*. Whereas Burnam filed a petition asserting claims against the board of adjustment as a "defendant," *see id.* at 554, Puente's petition specifically sought judicial review of the Commission's decision, identifying the Commission as a "respondent" rather than a "defendant."

We reject the district court's and court of appeals' reliance on the different frameworks utilized in a chapter 17A proceeding and an appeal under chapter 400 to conclude Puente's filing did not substantially comply with section

400.27(4)'s requirements. Whether or not the proceedings have different standards or scopes of review is irrelevant to whether Puente's initial filing substantially complied with section 400.27(4)'s requirement for a notice of appeal. In resisting the Commission's motion to dismiss, Puente argued his filing met the requirements for a notice of appeal specified in section 400.27(4). Substantial compliance is concerned with ensuring the party's actions meet the requirements of the specific provision at issue.

The only reference to chapter 17A in Puente's petition was in identifying venue as being proper in Johnson County. The petition averred that Puente "served as a peace officer for Defendant City," such that venue was proper in Johnson County under Iowa Code section 17A.19(2). Had Puente relied on the 17A.19 venue provision to file the petition in the wrong county, he would not have substantially complied with the requirements of section 400.27, and dismissal would have been proper. *See, e.g.*, *Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 421 (Iowa 1994) ("[W]hen judicial review is sought, the party seeking review must file his or her petition in the county allowed by statute. Failure to do so means the district court does not have jurisdiction of the administrative appeal."). But the District Court for Johnson County was the proper venue for Puente's appeal, *see* Iowa Code § 400.27(3) ("The district court of the county in which the city is located shall have full jurisdiction of the appeal."), so his reference to the wrong Code provision does not mean he failed to substantially comply with the correct Code provision.

Otherwise, the petition repeatedly sought "judicial review" of the Commission's decision but made no other reference to chapter 17A. Even our court has referred to a section 17A.19 petition for judicial review as an "appeal." *See, e.g.*, *Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 599 (Iowa 2016) ("In *Christiansen*, a case involving review of agency action under Iowa Code section 17A.19,

we allowed a petition for review 'to relate back to the deadline *to appeal* the agency's final decision.' " (emphasis added) (quoting *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 191 (Iowa 2013))). The single reference to section 17A.19(2) in Puente's petition for purposes of identifying venue does not materially distinguish this case from *Burnam.*

We do not take lightly the statutory prerequisites for invoking the district court's jurisdiction. But neither do we exalt form over substance, particularly where the circumstances surrounding Puente's filing are indistinguishable from those in *Burnam.* Puente timely filed a petition alerting the district court he sought review of the Commission's decision, and he personally served the petition on the clerk of the Commission. Puente substantially complied with the requirements of section 400.27 and successfully perfected his appeal from the Commission's decision.

III.

We vacate the decision of the court of appeals, reverse the district court judgment dismissing Puente's appeal from the Commission's decision, and remand for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**